597 So.2d 302 (1991)
Michael Thomas PATTON, Appellant,
v.
STATE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, OFFICE OF CHILD SUPPORT ENFORCEMENT, ex rel. D.A.R., Appellee.
No. 91-00074.
District Court of Appeal of Florida, Second District.
September 25, 1991.
On Motion for Rehearing November 15, 1991.
Richard H. McInnis, Tampa, for appellant.
Charles L. Carlton and Alison Copley of Carlton & Carlton, P.A., Lakeland, for appellee.
PER CURIAM.
Affirmed.
SCHEB, A.C.J., and LEHAN and ALTENBERND, JJ., concur.

ON MOTION FOR REHEARING
ALTENBERND, Judge.
The appellant, Michael Thomas Patton, seeks rehearing of a per curiam affirmance without written opinion. The decision affirmed an order denying relief from judgment. We deny the motion for rehearing based on Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983). See also Parker v. Baker, 499 So.2d 843 (Fla. 2d DCA 1986), review denied, 506 So.2d 1040 (Fla. 1987); Jackson v. U.S. Aviation Underwriters, Inc., 466 So.2d 1119 (Fla. 2d DCA), dismissed, 472 So.2d 1181 (Fla. 1985).
Mr. Patton was served with a paternity action in October 1987. He filed a pro se answer which admitted sexual relations at or near the critical time, but denied paternity. Mr. Patton changed his residence frequently and failed to keep the court and opposing counsel apprised of his current address. As a result, he did not answer interrogatories. Eventually, a default was entered against him and his answer was stricken. Mr. Patton did not attend the scheduled trial in September 1988, and a final judgment of paternity was entered on October 7, 1988. The trial court also issued an income deduction order requiring Mr. Patton to pay $45 per week for child support.
Within thirty days, Mr. Patton became aware of the judgment when his wages were garnished. Although his wages were being regularly garnished, Mr. Patton did not take any steps to challenge the judgment. In April 1989, approximately six months after the final judgment, Mr. Patton was personally served with a motion for an order to show cause why he should not be held in contempt. Apparently, he had changed jobs and failed to arrange for the child support to be forwarded. Mr. Patton did not appear for the April 1989 hearing on the motion, and thus an order of arrest was issued. When he was arrested in June 1989, Mr. Patton retained attorney Richard H. McInnis to assist him.
Although Mr. McInnis was retained well within a year of the final judgment, he did not file a motion to set aside the default *303 and the final judgment until December 19, 1989, fourteen months after entry of the final judgment. Because of this unexplained delay, Mr. Patton was procedurally barred from obtaining any relief in the trial court under reasons (1), (2), and (3) of Florida Rule of Civil Procedure 1.540(b). Instead, he was limited to relief under reasons (4) or (5) of the rule.
In this case, the trial court had jurisdiction over the subject matter of the paternity action and over Mr. Patton. The judgment was not satisfied and had not been affected by any appeal. The child was still in need of support. Under the clear requirements of rule 1.540(b), a motion for relief from this particular judgment filed more than a year after the entry of the judgment appeared destined to fail. Nevertheless, Mr. McInnis filed such a motion on behalf of Mr. Patton. The motion was insufficient as a matter of law, and the trial court had no authority or discretion to grant the motion. Inevitably, the trial court denied the motion.
Although an appeal from the insufficient motion had no greater prospect for success than did the motion itself, Mr. McInnis filed this appeal. This court processed his briefing and required HRS to respond. When Mr. McInnis requested oral argument, this court granted that request.
Because the motion for relief from judgment was legally insufficient for reasons well explained in existing law, we chose to affirm the trial court without a written opinion. Under the guidelines explained in Whipple, that per curiam opinion was appropriate. Frankly, an opinion in this case only demonstrates the utter futility of the appeal.
Shortly after our affirmance was released, Mr. McInnis filed a motion for rehearing. The motion primarily reargues matters which had been argued before. It does not comply with Florida Rule of Appellate Procedure 9.330(a). Moreover, the motion implies that: 1) we have the power to do good in this case and have instead committed a judicial "sin"; 2) we are depriving his client of his constitutional rights because of a "zealous enforcement of procedural niceties"; 3) comments made by the panel during oral argument were "flippant responses" which caused Mr. McInnis to sense a "per curiam atmosphere in the Lakeland courtroom"; and 4) we have committed a "human rights" violation similar to those in a totalitarian regime.
One paragraph in the motion states:
Even as the silk stocking lawyers representing propertied and monied and special interests  and especially the corporations' legal interests  are absolute masters in delaying  if not defeating  the cases they're involved in being timely  if ever  heard on their merits; i.e., applying substantive law, employing every known device of delay and diluting of the causes of action through the knowledgeable and expert application of procedural law (such as exhausting and expensive discovery)  hoping to outspend and break the spirits and wills of the plaintiffs seeking justice and equity in our courts of law; so, it seems, has this same mentality found its way into our appellate courts, sad truth though it may be!
We recognize that lawyers may have a good faith belief that a written opinion is appropriate when this court has come to an opposite conclusion. Each judge on this court must now review and decide more than 1000 cases each year. This caseload sometimes requires that we affirm a case without written opinion when we would prefer to write.
A motion for rehearing is an attorney's last chance to convince this court to write. Accordingly, we understand an attorney's good faith decision to file a motion for rehearing, and we carefully consider such motions. We also understand that human emotions occasionally cause such motions to be written with stronger rhetoric than is truly necessary or effective. In this case, however, there is no basis whatsoever to suggest that the motion was filed in good faith. The record as a whole in this case suggests that Mr. McInnis failed to provide both his client and this court with the obligations of professionalism contemplated by the Florida Rules of Professional Conduct. Accordingly, we bring this matter to the *304 attention of The Florida Bar to handle as it sees fit.
The motion for rehearing is denied.
SCHEB, A.C.J., and LEHAN, J., concur.