381 So.2d 252 (1979)
Joseph G. DUBOWITZ and Ida Dubowitz, His Wife, Appellants,
v.
CENTURY VILLAGE EAST, INC., Etc., et al., Appellees.
No. 79-239.
District Court of Appeal of Florida, Fourth District.
December 28, 1979.
*253 Michael J. McNerney and Keith A. Gasman of Brinkley, McNerney & Morgan, Fort Lauderdale, for appellants.
Gerald Mager and Linda K. Raspolich of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellees.
Jim Smith, Atty. Gen. and Thomas M. Pflaum, Asst. Atty. Gen., Tallahassee, as amicus curiae.

ORDER
LETTS, Judge.
The supplemental response to the Appellees' Motion to Strike is hereby stricken and the sua sponte striking thereof used as a springboard for this order.
This Court is being deluged nowadays with a plethora of pleadings which have no place in any appellate court and which are causing a distressing waste of time. We are in truth suffering from acute motion sickness.
The introductory note to the 1978 version of the Florida Appellate Rules concludes with the following paragraph:
It was the intent of the many persons involved in the drafting of these revised rules to implement the public policy of Florida that appellate procedures operate to protect rather than thwart the substantive legal rights of the people by alleviating existing burdens on the judicial system, by reducing the cost of appeals, by standardizing and expediting the appellate procedures which have at times frustrated the cause of justice.
Notwithstanding, there is an ever growing tendency for attorneys to ignore the spirit of the above and file unnecessary pleadings which we seek by this order to discourage.
The supplemental response which provides the springboard for this order is reproduced as follows:

SUPPLEMENTAL RESPONSE TO APPELLEES' MOTION TO STRIKE
In further response to Appellees' continuing effort to narrowly constrain the Attorney General's conduct in this appeal, amicus submits the following illustration of the proper judicial approach to such objections:
*254 
The ridicule reproduced above, no doubt induced by a spate of motions from other counsel, was only one of fifty-one motions and responses etc. all filed in various cases before this Court on November 26th, 1979. We have examined all fifty-one and have determined that over thirty of them ranged from the unnecessary to the ludicrous.
Another irritating series involved a motion to dismiss because an opposing brief was served on the movant one day late (the movant had figured wrong, it was not late). This erroneous pleading spawned successively a:
Response
Motion for Sanctions
Reply to the Response
Motion for Attorneys' Fees
Reply to the Motion for Attorneys' Fees
Furthermore, there are no end of pleadings which unashamedly provide, as their only discernible purpose, a vehicle for the expression of venomous ill will towards opposing counsel. We also are not blind to the high incidence of frivolous motions which have as their obvious unstated purpose (by reason of the moment in time chosen to file them) a tolling of the time for filing briefs under Rule 9.300(b).
The reader may well be disposed to remark: "So what, everyone has problems  what else is new." Well, what is new is that we intend to start imposing sanctions on those who file frivolous pleadings. The function of an appellate court is to review the record created at the trial level and reconcile it with the law, not provide a forum for a continuation of the nowadays vastly exaggerated trial motion practice. In the overwhelming majority of instances the extra pleadings filed do not assist our function and in fact impede it inasmuch as every judge on this Court is required to spend part of each working day giving attention to unnecessary pleadings as applicable case files are trundled among the judges' offices in search of the necessary collegiate action.
We do not seek an end to all motion practice for, in some instances, it plays a proper role under the Rules. We do, however, demand that counsel not turn what should be an extraordinary measure into a standard modus operandi. We know of few experienced appellate practitioners who engage in such excess. They know better.
In conclusion, we here stop short of issuing an order to show cause why sanctions should not be imposed under Rule 9.410, not only because we deem it unfair, without prior warning, to single out the Attorney General for punishment, but also because we interpret his supplemental response to be a form of protest with which we have some sympathy.
We ask the Bar to take note that fair warning has now been given and ask further that this order be not itself misused to provide inspiration for frivolous motions seeking sanctions against other allegedly frivolous motions. We wish to make that determination for ourselves.
MOORE and GLICKSTEIN, JJ., concur.