464 So.2d 1221 (1985)
HOUSING AUTHORITY OF the CITY OF SANFORD, Florida, Petitioner,
v.
Robert L. BILLINGSLEA, Etc., et al., Respondents.
No. 84-1115.
District Court of Appeal of Florida, Fifth District.
January 3, 1985.
Rehearing Granted in Part; Denied in Part March 14, 1985.
*1222 Robert K. McIntosh, and Ned N. Julian, Jr., of Stenstrom, McIntosh, Julian, Colbert, & Whigham, P.A., Sanford, for petitioner.
Aurelio Durana, Gen. Counsel, and J. Worth Owen, Asst. Gen. Counsel, Florida Commission on Human Relations, Tallahassee, for respondents, Commissioners.
Harry L. Lamb, Jr., Orlando, for respondent, Williams.
ORFINGER, Judge.
The Housing Authority of the City of Sanford, Florida seeks a writ of prohibition to prevent respondents from conducting a hearing based on a complaint filed with the Human Relations Commission which contends that the Housing Authority has committed an unlawful employment practice. Upon the filing of the petition, we issued a rule to show cause and temporarily stayed all proceedings. We have considered the response and now deny the writ and vacate the stay.
Linda H. Williams filed a petition with the Commission on Human Relations pursuant to the Human Rights Act of 1977, Florida Statutes §§ 760.01-760.10 (1983). The petition alleged that Ms. Williams, a black female applicant for a promotional position as Executive Director with the Housing Authority of the City of Sanford, was discriminatorily denied the promotion solely because she was female, and that a man was hired for the position solely based upon his sex. Pursuant to section 120.57, Florida Statutes, and Rules 22T-9.08(5) and 22T-8.16(2), Florida Administrative Code, the Human Relations Commission requested that the Division of Administrative Hearings assign the matter to a hearing officer, conduct the necessary proceedings *1223 required, and submit a recommended order to the Commission.
The Housing Authority of the City of Sanford filed a petition for a writ of prohibition with this court asserting that Florida Statutes § 112.042[1] provides the exclusive remedy for the claimed violation of Williams' rights and that the hearing officer and the Human Relations Commission will act in excess of their jurisdiction in hearing this case because the cited statute vests exclusive jurisdiction with the circuit court.
The respondents, as the commissioners of the Florida Commission on Human Relations, the Commission itself and the complainant Linda Williams all contend, essentially, that the proceedings are governed by the Human Rights Act of 1977, which affords at least concurrent jurisdiction in such matters to the Commission.
Section 760.10 provides, in pertinent part:
(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.
Under section 760.02 the term "employer" is defined to include the state or any governmental entity or agency. Section 760.06 endows the Commission with the power to:
(5) To receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice, as defined by ss. 760.01-760.10.
(6) To hold hearings to determine the facts about instances of discrimination or intergroup tensions.
The relator concedes that it is an agency of the municipality, and respondents do not controvert this allegation. They part company on the question of where jurisdiction lies to hear Linda Williams' complaint. The relator contends that exclusive jurisdiction is vested in the circuit court pursuant to section 112.042, whereas respondents contend that, at the very least, there is concurrent jurisdiction under sections 760.01-760.10.
It is a recognized principle of statutory construction that general and special statutes covering the same subject matter should be read together, and if possible, harmonized, but in the event of conflict, the special statute will prevail in the absence of a clear legislative intent to the contrary. City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949); State v. Sarasota County, 74 So.2d 542 (Fla. 1954); 49 Fla.Jur.2d Statutes § 182 (1984). Relator relies on this principle and contends that because section *1224 112.042 is a special law while the Human Rights Act is a general law, the provisions of section 112.042 should prevail.
We find nothing in the respective statutes to support relator's contention. Each statute specifically addresses discriminatory employment practices, so neither can be construed as more "special" than the other. The Human Rights Act of 1977 is much broader and much more comprehensive in scope than is section 112.042. The procedures under the statutes are different. Section 112.042 requires that there be a demand upon the agency to correct its practices and policies, after which an action may be filed in circuit court. The Human Rights Act requires no such demand, and provides an administrative remedy to one allegedly discriminated against. Thus, the statutes each seem to have their own concurrent spheres of operation.
Section 112.042 proscribes discrimination because of race, color, sex, religious creed or national origin if the individual discriminated against is the most competent and able to perform the services required. Section 760.10, on the other hand, additionally proscribes discrimination because of age, handicap or marital status, and does not require any showing that the person allegedly discriminated against is the most competent and able to perform the services required. Because section 112.042 does not address the issue of discriminatory employment practices more specifically than does the Human Rights Act of 1977, we see no legislative intent that the former divests the Commission of its authority to consider the complaint. Thus, the Commission on Human Relations does have jurisdiction under sections 760.01-760.10 to hear the complaint. The petition for writ of prohibition is denied.
WRIT DENIED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The Petitioner, Housing Authority of the City of Sanford, Florida, seeks rehearing in this cause of our opinion dated January 3, 1985, arguing that this court has misapprehended the distinction between a general and a special statute. It is true, as contended by petitioner, that section 112.042, Florida Statutes (1983), originally enacted in 1969, comprehends only discrimination in regard to county and municipal employment, whereas the Human Rights Act of 1977, sections 760.01-760.10, proscribes discrimination by any employer. There would be a legitimate argument that the earlier special law supersedes the later general one in regard to counties and municipalities except for one salient fact: the 1977 act specifically includes as covered employers "any governmental entity or agency" which employs "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Given this specific language, we conclude that the 1977 act grants to the Commission on Human Relations at least concurrent jurisdiction with the Circuit Court in regard to county and municipal employers.
The second ground raised by the motion for rehearing challenges our observation that section 760.10 "does not require any showing that the person allegedly discriminated against is the most competent and able to perform the services required." In making this observation, we do not imply that competency and ability are irrelevant considerations in discrimination cases. Obviously, employment based upon the factors of competency and ability, as opposed to the proscribed factors of race, color, sex, etc., does not constitute actionable discrimination under either section 112.042 or chapter 760.
We grant rehearing to the extent of modifying our previous opinion by the addition of the foregoing clarification. Otherwise, the petition for rehearing is denied.
GRANTED in part; DENIED in part.
COBB, C.J., and ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 112.042, Florida Statutes (1983) says in pertinent part:

112.042 No discrimination in county and municipal employment. 
(1) It shall be against the public policy of this state for the governing body of any county or municipal agency, board, commission, department, or office, solely because of the race, color, sex, religious creed, or national origin of any individual, to refuse to hire or employ, to bar, or to discharge from employment such individuals or to otherwise discriminate against such individuals with respect to compensation, hire, tenure, terms, conditions, or privileges of employment, if the individual is the most competent and able to perform the services required.
(2)(a) Any person, firm, corporation, association, or other group or body, jointly or severally, who may be aggrieved by any decision, regulation, restriction, or resolution adopted by the governing body of any county or municipal agency, board, commission, or department which is an unlawful employment practice under this section may apply to such agency, board, commission, or department at any time for a modification or rescission thereof. If such modification or rescission should be refused, any such person, firm, corporation, association or other group or body may, within 30 days after such refusal, but not thereafter, institute original proceedings for relief in the circuit court of the county.
(b) There shall be no right to apply to the court for relief on account of any order, requirement, decision, determination, or action of any county or municipal officer pursuant to this section unless there shall first have been an appeal therefrom to the governing agency, board, commission, or department to which such officer is responsible. [Emphasis added].
This statute was adopted by Chapter 69-334, Laws of Florida (1969).