466 So.2d 1119 (1985)
Richard JACKSON, Appellant,
v.
UNITED STATES AVIATION UNDERWRITERS, INC. and Sylvia Dobrzanski, As Personal Representative of the Estate of Anthony S. Dobrzanski, Deceased, Appellees.
No. 84-777.
District Court of Appeal of Florida, Second District.
March 8, 1985.
Rehearing Denied April 10, 1985.
Kennan George Dandar, P.A., Tampa, for appellant.
Chris W. Alterbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
PER CURIAM.
We affirm the trial court's denial of plaintiff's motion for a new trial in this personal injury suit growing out of a plane crash. Contrary to plaintiff's contention on appeal, the jury was entitled to conclude that the cause of the crash or of plaintiff's injuries had not been proved to be defendant's negligence.
As to plaintiff's contention that the verdict did not reflect the jury's conclusions, we disagree and affirm. See Fitzell v. Rama Industries, Inc., 416 So.2d 1246 (Fla. 4th DCA 1982); Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981); Velsor v. Allstate Insurance Co., 329 So.2d 391, 393 (Fla. 2d DCA 1976).
Nor do we conclude that there was reversible error in the admission of certain evidence or in prejudicial remarks of defendant's counsel in closing argument. Plaintiff's remaining points regarding damages are moot.
Affirmed.
DANAHY, A.C.J., and LEHAN and FRANK, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The appellant's motion for rehearing is one among many inspiring us again to comment upon the purpose of Rule 9.330 of the Florida Rules of Appellate Procedure. In spite of the court's admonition expressed in Whipple v. State, 431 So.2d 1011 (Fla.2d DCA 1983), Rule 9.330 continues to occupy a singular status of abuse. In each instance of the Rule's misuse, the *1120 time and effort of three judges is wasted, not to mention the time, energy and effort of the Clerk's office and other persons who function in the court's processes. It is our hope, and certainly expectation, that the bar will heed the Rule's command that the "motion shall not re-argue the merits of the court's order." The instant motion is a paradigm of the abuse giving rise to our reaction.
The motion for rehearing is denied.
DANAHY, A.C.J., and LEHAN and FRANK, JJ., concur.