499 So.2d 843 (1986)
Alton (Bud) PARKER, Hillsborough County Property Appraiser, Appellant,
v.
Charles N. BAKER, Appellee.
No. 85-2900.
District Court of Appeal of Florida, Second District.
October 17, 1986.
On Motion for Rehearing December 10, 1986.
*844 Michael D. Malfitano, Earnest W. Dean, Jr. and Claude H. Tison, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Thomas John Dandar and Kennan George Dandar of Dandar & Dandar, P.A., Tampa, for appellee.
LEHAN, Judge.
This is a declaratory judgment suit brought by the Hillsborough County Property Appraiser against a former employee of the property appraiser. The suit seeks to establish that defendant, who in 1984 while employed by the predecessor to the current property appraiser qualified to run against his superior for that elective office, was thereby obligated to resign, and in effect resigned pursuant to section 99.012(7), Florida Statutes (1984). Defendant lost the election and applied to return to his employment. His application was refused by the predecessor appraiser on the grounds that he had resigned by operation of law. The issue before the trial court and before us is whether the "resign to run" provisions of that statute were applicable.
The trial court entered a summary judgment in favor of defendant on the basis that, pursuant to section 25 of the Hillsborough County Civil Service Law, chapter 82-301, Laws of Florida, (hereinafter "the local law") which was enacted after the enactment of section 99.012(7) (hereinafter "the statute"), defendant was required only to take a leave of absence upon running for that office. The trial court concluded that the statute and the local law were inconsistent and that the local law, being specifically applicable to Hillsborough County Civil Service employees, should govern because, quoting from the headnote in Housing Authority of the City of Sanford v. Billingslea, 464 So.2d 1221, 1222 (Fla. 5th DCA 1985), "special statute will prevail over general statute in absence of a clear legislative intent to contrary."
The statute and the local law read as follows.

SECTION 99.012(7), FLORIDA STATUTES (Supp. 1984):
For the purposes of this section, no individual who is a subordinate personnel, deputy sheriff, or police officer need resign pursuant to subsection (2) or subsection (3) unless such individual is seeking to qualify for a public office which is currently held by an individual who has the authority to appoint, employ, promote, or otherwise supervise that subordinate personnel, deputy sheriff, or police officer and who has qualified as a candidate for reelection to that public office. However, any such personnel, deputy sheriff, or police officer shall take a leave of absence without pay from his employment during the period in which he is seeking election to public office.
SECTION 25, HILLSBOROUGH COUNTY CIVIL SERVICE LAW CHAPTER 82-301 (ENACTED 1982):
Any person holding a position with the county, in the classified or unclassified service, except an elected officer, must take a leave of absence, without pay, beginning when said person completes his qualification as a political candidate in any election for: (1) A City of Tampa office; (2) A County of Hillsborough office; (3) A State of Florida office; (4) A Federal office. Such leave of absence shall cease when the individual is no longer a candidate for one of said offices.
After consideration of the well-presented arguments on both sides, as well as the trial court's reasoning in which he referred to this as "an extremely close case," we reverse. We agree with the trial court and the parties that the local law did not require defendant to resign. But we agree *845 with the argument of the appraiser that the statute did so require and that the statute was not inconsistent with the local law as to the matter in issue here. Although both the statute and the local law address the same general subject matter  that of certain governmental employees running for public office  the statute addresses the specific issue in this case which is an aspect of the general subject matter not addressed by the local law. That aspect concerns not simply governmental employees running for public office but addresses such employees "seeking to qualify for a public office which is currently held by an individual who has the authority to appoint, employ, promote, or otherwise supervise" such employees.
This represents an application of the principle that in these types of circumstances in which each of two different legislative enactments generally apply but only one specifically applies, the specific governs over the general.
Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision; additional words of qualification needed to harmonize a general and a prior special provision in the same statute should be added to the general provision, rather than to the special one... .
Similarly, with respect to a conflict arising between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls in a proper case.
73 Am.Jur.2d, Statutes § 257. See Bryan v. Landis, 106 Fla. 19, 142 So. 650, 653 (1932).
It is a well settled rule of statutory construction, however, that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation "`the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any.'"
Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959), quoting from Stewart v. DeLand-Lake Helen Special Road & Bridge Dist., 71 Fla. 158, 71 So. 42, 47 (1916), which quotes from State ex rel. Loftin v. McMillan, 55 Fla. 246, 45 So. 882 (1908). These same principles were recently applied by this court in Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986).
The local law was enacted after enactment of the statute. However, in these circumstances the order of enactment of the two makes no difference. "[A] more specific statute will be given precedence over a more general one, regardless of their temporal sequence." Busic v. United States, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381, 389 (1980). See Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439, 450-51 (1973). "Only if the two statutory provisions present such an inconsistency as cannot be harmonized or reconciled will the latest expression of legislative will prevail." Floyd.
There is no dispute that the statute provides that an individual described in its above quoted "unless" clause must resign. More specifically, the statute provides that certain individuals who are government employees need not resign their positions to run for public office and shall take a leave of absence "unless" they run against their bosses. Thus, since, as we have concluded, the statute applies and the local law does not, we hold that the trial court erred in deciding that defendant was not required to resign.
The trial court characterized the last, "however" sentence of the statute as appearing "to dilute or confuse the resignation requirement" of the prior, "unless" clause by saying that "any such personnel *846 ... shall take a leave of absence" notwithstanding that resignation requirement. We agree with the conclusion of the trial court that the statute "is not a model of clarity and was inartfully written... ." However, the trial court did not on that basis conclude that the "unless" clause did not mean what it says. That clause must be harmonized, if possible, with the preceding portions of the statute. We agree with the appraiser's argument that the "however" sentence can be harmonized with the "unless" clause by applying the "however" sentence only to someone other than the persons identified in the "unless" clause, i.e., only to a subordinate who runs against someone other than his boss.
That our holding reflects the intent of the legislature may be considered to have been confirmed by the legislature in its 1985 amendment to the local law. Pursuant to chapter 85-424, section 18, Laws of Florida the legislature added to the local law the same "unless" clause which was and is contained in the statute. Defendant argues that by adding that clause to the local law the legislature showed that the intent of the local law prior to its amendment was not to require a Hillsborough County employee running against his boss to resign. However, that argument must fail in the face of our foregoing conclusion that the statute applied to the issue at hand and the local law did not.
It is true, as defendant also argues, that another sentence, the last sentence, of the 1985 amendment to the local law provides that "[e]mployment in the classified service shall terminate upon election to ... public office." Thus, defendant argues, the legislature meant that such an employee would lose his job only if elected. However, that sentence must be harmonized, if possible, with the preceding portions of the local law. Harmony is achieved by construing that last sentence to apply to those individuals running for public office other than those required to resign by the preceding "unless" clause.
Defendant additionally argues that the local law, as a special grant of power applicable only to Hillsborough County employees, controlled over the inconsistent general statute. But, as we have said, since the statute specifically addressed the issue at hand which was not addressed by the local law, the two are not inconsistent. We do not agree with defendant's further, oral argument that the local law, which defendant characterizes as a special act, controlled over the statute regardless of whether or not the two were inconsistent. This seems to be an argument that the local law preempted the subject, but we see no basis to find such preemption here. In fact, section 28 of the local law refutes this argument by providing that laws other than the local law are repealed only to the extent of conflict with the local law.
We are not at odds with Billingslea. The principle from the Billingslea headnote which was quoted by the trial court, as we have noted above, was contained in dicta said to be applicable "in the event of conflict" between two statutes. 464 So.2d at 1223.
In light of our holding in favor of the appraiser on the foregoing grounds we need not address the appraiser's additional contention that the trial court erred in holding section 25 of the local law to be constitutional.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and FRANK, J., concur.

ON MOTION FOR REHEARING
Appellee's motion for rehearing is dismissed. Fla.R.App.P. 9.330(a); Department of Revenue v. Leadership Housing, Inc., 322 So.2d 7 (Fla. 1975). See also Jackson v. United States Aviation Underwriters, Inc., 466 So.2d 1119 (Fla. 2d DCA 1985); Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983); Sherwood v. State, 111 So.2d 96 (Fla. 3d DCA 1959). Every point mentioned in the motion for rehearing was argued by appellee in his brief and oral argument and was addressed by the panel opinion.
*847 Rule 9.330(a) provides that a motion for rehearing
shall state with particularity the points of law or fact which the court has overlooked or misapprehended. The motion shall not reargue the merits of the court's order.
The filing of the motion in this case constituted a flagrant violation of the rule. In Department of Revenue v. Leadership Housing, Inc., the Florida Supreme Court pointed out that
An application for rehearing that is practically a joinder of issue with the court as to the correctness of its conclusions upon points involved in its decision that were expressly considered and passed upon, and that reargues the cause in advance of a permit from the court for such reargument, is a flagrant violation of the rule, and such an application will not be considered.
The petition for rehearing in the present case infracts the rule in all of the above particulars, and the profession is hereby put upon notice that in [the] future the court will adhere strictly to the requirements of the rule in such cases, and will visit infractions thereof by a refusal to consider such applications and with a dismissal thereof.
322 So.2d at 9.
This court said in Whipple v. State:
From our experience, most motions for rehearing or clarification contain a condensed version of all or some of the points previously argued. Frequently, such motions urge the court to reconsider matters previously considered, or to write an opinion to refute contentions of counsel. Occasionally, the motion is misused by attorneys merely to express their displeasure with the court's judgment.
This leads to our first point: counsel should carefully and seriously consider the necessity or desirability of asking the court to rehear a case.
Shortly after district courts of appeal were established, Judge Wigginton, in State v. Green, 105 So.2d 817 (Fla. 1st DCA 1958), cert. discharged, 112 So.2d 571 (Fla. 1959), addressed the function of a motion (then petition) for rehearing and noted:
Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.
105 So.2d at 818, 819.
We recommend that counsel carefully review Judge Wigginton's well articulated views in Green prior to filing a motion for rehearing. We subscribe to those views and urge counsel to file a motion only where careful analysis indicates a point of law or a fact which the court has overlooked or misapprehended, or where clarification of a written opinion is essential. Counsel should not use such motion as a vehicle to reargue the merits of the court's decision or to express displeasure with its judgment.
431 So.2d at 1013. See also Sherwood.
More recently, this court in Jackson addressed motions of this kind in words equally applicable to the motion now before us:
The appellant's motion for rehearing is one among many inspiring us again to comment upon the purpose of Rule 9.330 of the Florida Rules of Appellate Procedure. In spite of the court's admonition expressed in Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983), Rule 9.330 continues to occupy a singular status of abuse. In each instance of the Rule's misuse, the time and effort of three judges is [sic] wasted, not to mention the time, energy and effort of the Clerk's office and other persons who function in the court's processes. It is our hope, and certainly expectation, that the bar will heed the Rule's command that the "motion shall not reargue the merits of the court's order." The instant motion is a *848 paradigm of the abuse giving rise to our reaction.
466 So.2d at 1119-20.
We are making these observations, repeating prior admonitions of the Supreme Court and this court, and dismissing the motion, rather than simply denying the motion without opinion, to once again call to the attention of the bar the impropriety of motions of this nature which all too frequently appear in this court. Although it is time consuming for us to write again about a subject about which much has already been written, hopefully the court's time will be saved in the long run to devote to matters of merit as compliance with the rule occurs.
We should point out that we have not singled out this motion for rehearing as being any less meritorious than many other similar motions filed in this court. It is the accumulated weight of such motions that has caused this particular motion to tip the balance toward again doing something other than simply denying the motion.
The 1979 comments of the Fourth District Court of Appeal in Dubowitz v. Century Village East, Inc., 381 So.2d 252 (Fla. 4th DCA 1979), are no less applicable today:
This Court is being deluged nowadays with a plethora of pleadings which have no place in any appellate court and which are causing a distressing waste of time. We are in truth suffering from acute motion sickness.
381 So.2d at 253. The Fourth District went on to include a quotation from the introductory note to the 1978 version of the Rules of Appellate Procedure which also precedes the current rules, as follows:
It was the intent ... in the drafting of these revised rules to implement the public policy of Florida that appellate procedures operate to protect rather than thwart the substantive legal rights of the people by alleviating existing burdens on the judicial system ... which have at times frustrated the cause of justice.
Id.
In light of the admonitions of this kind which have been published in the past, attorneys, especially those who are careful to comply with the rule and must deal with other attorneys' motions which do not comply, may question what the court will do if it receives motions of this kind in the future. This is notice that that question is under this court's consideration. See Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986).
If motions for rehearing in violation of 9.330(a) become the rule, rather than the exception, the fear might arise that all motions for rehearing would, at least initially, be viewed with skepticism by a busy court. Avoidance of any such possibility is within the control of the bar and should not be left only to the diligence of the appellate courts. Awareness by the bar of the Supreme Court's opinion in Department of Revenue v. Leadership Housing, Inc., this opinion and our Jackson opinion, as well as of Whipple in a criminal case, should resolve the problem.
We by no means wish to discourage motions for rehearing which comply with the rule. This court is not immune from occasional error and from time to time acknowledges that it has overlooked a point of law or fact and issues a revised ruling.
RYDER, A.C.J., and LEHAN and FRANK, JJ., concur.