ON MOTION FOR REHEARING
DAUKSCH, Judge.
Appellant seeks a rehearing of his appeal wherein his conviction was affirmed without opinion.
As grounds for his motion for rehearing he says nothing more than what he said in his brief on appeal. This is an abuse of the procedure for rehearing and causes a waste of time for everyone concerned. Because this is not an isolated instance we write to discourage the practice.
Florida Rule of Appellate Procedure 9.330(a) specifically prohibits the filing of a motion for rehearing such as was filed here. It says “[t]he motion shall not re-argue the merits of the court’s order.” The rule also requires the movant to “state with particularity the points of law or fact which the court has overlooked or misapprehended.” The rules governing attorneys generally provide that frivolous motions should not be made. To maintain that the court has overlooked something or misapprehended something when no written opinion is available to support the basis of the motion is less than persuasive, to put it nicely.
We agree with the opinion in State ex rel. Jaytex Realty Co. v. Green, 105 So.2d 817, 818 (Fla. 1st DCA 1958), cert. discharged, 112 So.2d 571 (Fla.1959) which says:
Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.
See also Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983); Dubowitz v. Century Village East, Inc., 381 So.2d 252, 253 (Fla. 4th DCA 1979).
We note finally that appellant says in his motion for rehearing that “[wjithout the *408 benefit of Oral Argument, the Court has overlooked the following points of fact ...” Appellee responds to this rather sarcastic remark by saying appellant’s request was not made until six months after the briefs were filed. If the request for oral argument had been made six months after the briefs were filed then appellee would be correct in saying the request was untimely. Fla.R.App.P. 9.320. Here, though, appellant filed no request for oral argument with this court.
THE MOTION IS STRICKEN.
SHARP, C.J., and DANIEL, J., concur.