Charles N. **BAKER**, Plaintiff,

v.

Ronald **ALDERMAN**, individually and officially as Hillsborough County Property Appraiser, and Hillsborough County Civil Service Board, Defendants.

No. 88–1335–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

July 13, 1993.

Kennan George Dandar, Dandar & Dandar, P.A., Tampa, FL, Elizabeth Spivey Wheeler, Berg & Wheeler, P.A., Brandon, FL, for plaintiff.

Theo (Ted) Richmond Manry, III, Claude Hines Tison, Jr., Macfarlane Ferguson, Tampa, FL, Jacqueline B. Whatley, Gibbons, Smith, Cohn & Arnett, P.A., Tampa, FL, Arthur C. Wallberg, Dept. of Legal Affairs, Tallahassee, FL, Charles Gilbert Burr, III, Charles G. Burr, P.A., Tampa, FL, for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

DKT. 78   Motion for Sanctions and Award of Costs and Attorneys' fees of Defendant, Hillsborough County Civil Service Board.

DKT. 80   Motion for leave to Reply to Plaintiff's response opposing motion for sanctions of Defendant, Hillsborough County Civil Service Board.

DKT. 83   Motion for sanctions pursuant to Rule 11 of the Fed.R.Civ.P. of Defendant, Ronald Alderman.

DKT. 85   Motion for sanctions pursuant to Rule 11 of the Fed.R.Civ.P. filed by Plaintiff Baker.

DKT. 99   Motion for renewed consideration of motion for sanctions [78–1] and award of costs and attorneys' fees filed by Defendant Hillsborough County Civil Service Board.

DKT. 100   Motion for hearing on Defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11 filed by Plaintiff, Baker.

DKT. 104   Motion to strike affidavit of Robert J. Shapiro, filed by Defendant, Hillsborough County Civil Service Board.

## FACTS

Beginning in 1980, Plaintiff was employed by the Hillsborough County Property Appraiser as a Land Evaluator. In 1984, Plaintiff decided to run for the office of Hillsborough County Property Appraiser. Prior to the election, Plaintiff took the Oath of Candidate. Plaintiff swore to the following:

Before me, an office authorized to administer oaths, personally appeared [CHARLES "CHUCK" Plaintiff], to me well known, who being sworn, says that he is a candidate for the office of [Property Appraiser]; that he is a qualified elector of [Hillsborough] County, Florida; that he is qualified under the Constitution and laws of Florida to hold the office to which he desires to be nominated or elected; that he has not violated any of the laws of the State relating to elections or the registration of electors; that he has qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with that of the office he seeks; **and that he has resigned from any office from which he is required to resign pursuant to Section 99.012 Florida Statutes.**

On November 6, 1984, Daniel was reelected to the position of Hillsborough County Property Appraiser, defeating Plaintiff. On November 7, 1984, Plaintiff attempted to resume his duties at the Property Appraiser's office at which time he was informed that he was no longer an employee at the Property Appraiser's Office, pursuant to section 99.012(7), *Florida Statutes,* which provides as follows:

For the purpose of this section, no individual who is a **subordinate personnel,** depu-

ty sheriff or police officer need resign pursuant to subsection (2) or subsection (3) **unless such individual is seeking to qualify for a public office which is currently held by an individual who has the authority to appoint, employ, promote or otherwise supervise that subordinate personnel,** deputy sheriff or policy officer and **who has qualified as a candidate for reelection to that public office.** However, any such personnel, deputy sheriff or police officer shall take a leave of absence without pay from his employment during the period which he is seeking election to public office.

Property Appraiser sought a declaratory judgment seeking a declaration of the rights of the parties under section 99.012(7). The circuit court held that section 99.012(7) did not apply; instead, section 25 of the Hillsborough County Civil Service Law Chapter 82–30 applied and Plaintiff was not required to resign in order to run against Daniel. The Second District Court of Appeal, reversed the circuit court's decision and held that section 99.012(7) applied to Plaintiff and Plaintiff was required to resign his position at the Property Appraiser's Office before running against his supervisor. *Parker v. Baker*, 499 So.2d 843 (Fla. 2d DCA 1986).

On May 30, 1989 Plaintiff filed his initial complaint with this Court, asserting the following claims:

1.  Violation of procedural due process in that plaintiff was not afforded an opportunity to be heard prior to discharge as guaranteed by the Fourteenth Amendment of the United States Constitution:

2.  Violation of procedural due process in that Plaintiff was not afforded an opportunity to be heard during a post-termination hearing;

3.  Violation of procedural due process in that Plaintiff was denied a penalty hearing;

4.  Violation of procedural due process due to Defendant's failure to notify Plaintiff of the existence and application of section 99.012(7);

5.  Estoppel;

6.  Violation of substantive due process in that Plaintiff's discharge was unreasonable, fundamentally unfair, arbitrary, capricious, and grossly excessive punishment;

7.  Violation of Plaintiff's right to equal protection under the Fourteenth Amendment;

8.  Violation of Plaintiff's First Amendment rights;

9.  Wrongful discharge based on improper motivation;

10. Discrimination on the basis of political party affiliation in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and

11. Unconstitutionality of section 99.012(7) of the Florida Statutes.

The Court grants Defendants' motion for reasonable attorney's fees (DKT 78–2) under 42 U.S.C. § 1988.

### AVAILABILITY OF A FEE AWARD TO DEFENDANTS UNDER 42 U.S.C. 1988

■ Under 42 U.S.C. 1988 "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the Plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). It is imperative that the parties understand the reasoning behind this legislation. "Congress wanted to clear the way for suits to be brought under the Act; it also wanted to protect Defendants from the burdensome litigation having no legal and factual basis." *Id.* at 420, 98 S.Ct. at 700.

In upholding an attorney's fee award to a prevailing defendant "such awards should be permitted 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" *Christiansburg Garment Co.*, 434 U.S. at 421, 98 S.Ct. at 700 (quoting *Carrion v. Yeshiva University*, 535 F.2d 722, 727 (2d Cir.1976)).

The words "meritless" and "vexatious" are defined in *Christiansburg*. "Meritless is to be understood as meaning groundless or

without foundation, rather than simply that the plaintiff has ultimately lost his case,.... 'vexatious' in no way implies that the Plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him ... In applying these criteria it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg, id.,* 434 U.S. at 421, 98 S.Ct. at 700.

This circuit also holds that although a case may seem unreasonable at the end of the case, the claim may have been reasonable at the outset of the case if decisive facts did not emerge until discovery or trial, or if the law changed or clarified in the midst of litigation. *Desisto College, Inc. and Loren Horner v. the Town of Howey-in-the-Hills,* 718 F.Supp. 906, 915 (M.D.Fla.1989) (citing *Christiansburg Garment Co.,* 434 U.S. at 421–422, 98 S.Ct. at 700–701). "However, once discovery is over and the law has not changed during pendency of the case, a case that is deemed frivolous is deemed frivolous for the entire length of the litigation." *Desisto College, Inc.,* 718 F.Supp. at 915 (citing *Brown v. City of Palmetto, Georgia,* 681 F.2d 1325, 1327 (11th Cir.1982). "There are no hard and fast rules in determining whether or not a case is frivolous." *Desisto College, Inc.,* 718 F.Supp. at 915 (citing *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). "Such determinations are made on a case by case basis." *Id.* The Eleventh Circuit has determined when it considers such cases frivolous:

"(1) Whether or not the plaintiff established a prima facie case;

(2) Whether or not the defendant offered to settle;

(3) Whether or not the trial court dismissed the case prior to trial or held a full-blown trial on the merits ... The Court shall consider each of these factors ... and then analyze other circumstances relevant

to determining whether or not the case was unreasonable." *Id.*

As to No. 1, this Court stated in its Order granting summary judgment to defendant, that Plaintiff did not establish a prima facie case. Plaintiff did not establish the "essential element to the causes of action that Plaintiff was discharged." Court's Order (DKT. 73 p. 5). As to No. 2, Defendant did not offer Plaintiff a settlement. As to No. 3, this court granted summary judgment on all claims to the defendant on 3rd June 1991. The Court has to consider these factors and analyze other circumstances relevant to determining whether or not the case was reasonable.

Plaintiff in his reply against the motion for sanctions and award of costs and attorney fees, contends that:

1. Baker was told by Hillsborough County Civil Service Board (hereinafter HCCSB) that the particular statute did not apply to him;

2. This was later confirmed by Judge Gallagher, Circuit Judge for the Thirteenth Judicial Circuit for Hillsborough County, Florida.

3. He did what the Civil Service code required.

4. The Second District Court of Appeal did not hold that Baker had resigned "as a matter of law."

Plaintiff disagrees with the Court's conclusion that he resigned by operation of law and contends that this Court has gone beyond the Second District Court of Appeal's ruling in arriving at this decision. Plaintiff contends that he took a leave of absence without pay in accordance with Section 25 of the Hillsborough County Civil Service Law; Chapter 82–305.

Note that the Second District Court of Appeal and the Florida Supreme Court ruled against Plaintiff and held that 99.012, Florida Statutes, did apply to Baker. This statute states that any individual who is a subordinate personnel (Baker), must resign if that individual seeks to qualify for public office.

Plaintiff also testifies in his deposition that he would never have run for office had he been required to resign and that he was

never given any prior notice that he had to resign from either HCCSB or Hillsborough County Property Appraiser.

Finally, Plaintiff takes issue with the Court's order which holds that that Plaintiff's eleventh claim is a jurisdictional issue which is inextricably intertwined with the state court's proceeding and therefore lacks jurisdiction in the federal court.

Baker relied on the case of *Wood v. Orange County,* 715 F.2d 1543 (11th Cir. 1983) which states that "a federal issue is not inextricably intertwined" with the state court's judgment if the "issue did not figure and could not reasonably have figured, in the state court's decision."

The Court finds this argument unpersuasive. In *Wood,* the crucial issue was "whether plaintiffs had a reasonable opportunity to raise their objections ..." In *Wood* when the plaintiffs signed the affidavits, "Lien proceedings had not yet commenced." *Id.* at 1547. Plaintiff in this case therefore had no "reasonable opportunity." This case can be distinguished from the one before this Court because Plaintiff could have attacked the constitutionality of Florida Statutes 99.012(7) at the time. Plaintiff sought the state Court's judgment on whether the statute applied to him. Plaintiff contends also that the Declaratory Judgment Action filed by defendant Parker, in state Court involved none of the factual issues upon which Baker's federal claims are based. However, the Court is not persuaded by this argument as *Wood* also states that "the Rooker bar also operates where the plaintiff fails to raise his federal claim's in state court." *Id.* at 1546.

Baker questions the timing of HCCSB's Motion for Sanctions and contends that if HCCSB thought that Plaintiff's amended complaint was frivolous, the motion should have been filed when the first amended Complaint was filed on June 30, 1989, and not when the Court entered a final Judgment in the action. Plaintiff contends that such untimely filing results in reversing sanctions. Plaintiff quotes *Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986), *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90 (3rd Cir.1988) and other cases. However, the *Oliveri* case can be distinguished as that case dealt with a summary judgment motion made after a jury had been sworn and before opening statements. Also, the question of serving motions for cost and attorney's fees and sanctions on a timely basis is a function of judicial efficiency. By itself a claim for untimely filing does not dispose of a claim for sanctions in all cases and does not apply to this case. Defendants entered motion for summary judgment, motion for sanctions, cost and attorneys fees before entry of final judgment. Motions were made by Defendants on a timely basis.

## THE STANDARD UNDER RULE 11

■ Fed.R.Civ.P. 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed in federal court are well-grounded in fact, legally tenable, and "not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 392, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). Furthermore, counsel has a "continuing obligation to reevaluate their position as the case develops." *Lee v. Criterion Ins. Co.,* 659 F.Supp. 813, 821 (S.D.Ga.1987) (citing *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1127 (5th Cir.)). "Upon discovery that a good faith basis no longer exists, it is incumbent upon the appropriate counsel and party to take necessary steps to ensure that the proceedings do not continue without a **reasonable basis in law and fact** ..." *Id.*

The issue of whether a reasonable inquiry was made into the fact and law prior to filing a pleading is "judged by an **objective standard.**" *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987).

Defendants in this motion for sanctions and award of costs and attorneys fees contend that this motion should be upheld for the following reasons. (1) Baker was aware of the Oath of Candidate form that Plaintiff executed the day he became an official candidate for public office and that that form stated that Baker has "resigned from any office from which he is required to resign pursuant to section 99.012, Florida Statutes."

(2) That Plaintiff received actual notice from Defendants that the Florida Statute

had been referenced in the Oath of Candidate form less than one month after Plaintiff filed his first Amended Complaint.

(3) In Plaintiff's First Amended Complaint he states that he had "no knowledge of the existence of Florida Statutes § 99.012," yet Plaintiff's response was that "he did not know that the statute referred to him at the time that the Plaintiff signed the form." Defendants contend that there is a clear inconsistency in Plaintiff's testimony.

(4) That the Second District Court of Appeal of Florida held specifically that the state statute *did* apply to Plaintiff. *See Parker v. Baker*, 499 So.2d 843 (Fla. 2d DCA 1986).

(5) The Supreme Court of Florida declined to hear that decision.

(6) That even if Plaintiff and his attorney had doubts in July, 1986 about the state statute's applicability to him, no such doubt could reasonably have existed after April, 1987. Nevertheless, Plaintiff filed his first Amended Complaint in June, 1989.

(7) As a result of those developments, Plaintiff must have known that the allegations of counts four (4) and five (5) were not well-grounded in fact.

(8) Plaintiff forced defendants to incur needless expenses of defending against false allegations and groundless claims.

(9) Counts one, two, three, six, seven, eight, nine and ten were patently frivolous as they derived from Plaintiff's theory that he was "discharged" by defendants.

(10) Baker's discharge theory was frivolous within the meaning of the Rule 11 because it had no basis in either law or fact.

Defendants cite to *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir.1985) and *Dean v. ARA Environmental Services, Inc.*, 124 F.R.D. 224, 227 (N.D.Ga.1988).

Plaintiff, in his reply to Defendant's motion for sanctions and award of costs and attorney's fees, shows no legal basis for his claims or legal basis that would deny defendant's motion.

Plaintiff states that (1) that Baker was told by defendant—HCCSB that the Florida Statutes § 99.012 did not apply to him; (2) that this was later confirmed by the Thirteenth Judicial Circuit in Florida.

(3) That although the Second District Court of Appeal reversed the lower court, the Appeals Court did not hold that Baker had resigned "as a matter of law." Therefore, Plaintiff still holds that he took a leave of absence according to Section 25 of the Hillsborough County Civil Service Law, Chapter 82–305.

(4) That Plaintiff disagrees with the Court's order that he has resigned by operation of law because that court has gone beyond the Second District Court of Appeal ruling.

(5) That Plaintiff did what the Civil Service Code required and that he would never have run for office had HCCSB given him notice that he was required to resign. Plaintiff cites applicable cases.[1]

(6) Plaintiff contends that the timing of defendant—HCCSB's motion for sanctions was untimely.

Plaintiff's response to Defendants' motion lacks a legal basis for Plaintiff's action and persistence in this case.[2]

In adopting the objective standard in *Lee* it is clear that after a reasonable inquiry Plaintiff should have believed that the pleadings he filed were not well-grounded in facts and law. Plaintiff also had read Defendants' response which informed Plaintiff that he had sworn to the "Resign to Run" Law, Florida Statutes § 99.012 which discharged him from his employment at the Hillsborough Property Appraiser's Office by "Operation of Law." The Second District Court of Appeals ruled on this. The Florida Supreme Court denied hearing and so did this court in its order granting summary judgment to Defendants. Plaintiff should have known that ignorance of the law is no excuse. As stated in *Lee*, "[e]ven if this court were to give

1. *Supra* p. 206.

2. Plaintiff has filed action in five courts since 1984 to 1993 concerning this case, each one except the Thirteenth Judicial Circuit for Hillsborough County which focused on a different issue.

counsel the benefit of the doubt, and were to assume that counsel simply failed to understand the very basic legal point of preclusion that bars this action it must be bourne in mind that 'an empty head but a pure heart is no defense.' " *Lee v. Criterion Ins. Co.*, 659 F.Supp. at 822 (citing *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.1986). Counsel for Plaintiff would have been well advised to move for voluntary dismissal of the action pursuant to Fed.R.Civ.P. 41.

## THE "WARNING" STANDARD

Some courts have ruled that the sanctioned attorney must have felt the threat of a sanction while continuing to litigate the action. Also that the court should at a minimum provide notice to plaintiff's attorney that rule 11 sanctions will be assessed at the end of the trial. *Matter of Yagman*, 796 F.2d 1165 (9th Cir.1986).

In this case Plaintiff was made aware on several occasions that his case had no legal basis. Defendants also told Plaintiff that his case was frivolous. Any reasonably knowledgeable attorney would know that there is a strong possibility that such response along with a grant of summary judgment in favor of defendant would more than likely trigger a Rule 11 motion.

## THE "REASONABLE INQUIRY" STANDARD

In *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985), a contractor was denied access to various redevelopment projects sponsored by New York City. After negotiations with the city failed, the contractor brought a special proceeding against the City in state court. Upon losing that case, it sued the city and others in federal court, alleging violations of federal antitrust and civil rights statutes. Its 36-page complaint alleged eleven separate causes of action. The District Court granted the defendant's motions for summary judgment, "finding that there was no basis for a civil rights claim," ... the Court refused, however to award sanctions under Rule 11 because, in its view, the case was not "frivolous."

On appeal the Second Circuit noted that Rule 11 "provides a somewhat more expansive standard for the imposition of attorneys' fees" and that the old standard under Rule 11 was subjective bad faith. Citing the Advisory Committee Note, Judge Kaufman stated that:

"The addition of the words 'formed after a reasonable inquiry' demands that we revise our inquiry. No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim. **For the language of the new Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.** Simply put, subjective good faith no longer provides the safe harbor it once did. . . .

In framing this standard, we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Courts must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor of the signer. But where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated. Such a construction serves to punish only those who would manipulate the federal court system for ends inimicable to those for which it was created."

*Eastway Construction Corp.*, 762 F.2d at 253–54.

Applying its "reasonable competent attorney" standard, the court found that **while neither the plaintiff nor its counsel had acted in subjective bad faith or to harass the defendants the action "was destined to fail."** Moreover, **"a competent attorney, after reasonable inquiry, would have had to reach the same conclusion."** *Id.* "Accordingly, the court held that it was "error for the district court to deny the defendant's motion for attorney's fees and remanded the case for the imposition of 'appropriate sanc-

tions' against the Plaintiff, its counsel or both, which 'shall include' the reasonable attorneys' fees of the defendant." *Id.* at 253–54.

The Eastway case can be analogized to the instant case in five ways; (1) Plaintiff brought action against the government, (2) in state court initially then moved action to federal court, (3) alleging civil rights violation, (4) eleven counts which had no legal basis, and (5) Defendant was granted summary judgment.

■ This Court rejects the "warning" standard in Yagman[3] and adopts the "reasonable inquiry" standard in *Eastway*.

In this case it was patently clear that Plaintiff's claim had no chance of success from very early on when the complaint was filed (using no benefit of hindsight).[4]

Plaintiff may want to advance the theory that his case was a case of "first impression" (which would give his case a good chance of avoiding sanctions); however the law governing Plaintiff's candidacy for public office, Florida Statutes § 99.012 was very specific as it relates to the action which Plaintiff should take (i.e., resignation from his job).

(1) **Ordered** that Defendants, Ronald Alderman, individually and officially as Hillsborough County Property Appraiser, and Hillsborough County Civil Service Board, motion for sanctions be awarded in the form of reasonable attorney's fees. Case No. 88–1335–CIV–T–17A (DKT 78–1; 83–1).

(2) **Ordered** that Defendant, Hillsborough County Civil Service Board, motion for reasonable cost and attorneys' fees is awarded. However, to avoid duplicity, attorneys' fees will only be awarded under sanctions (see order No. 1) (DKT 78–2).

(3) **Ordered** that Defendants, Hillsborough County Civil Service Board, motion for leave to file Reply to Plaintiff's response is denied. (DKT 80–1)

(4) **Ordered** that Plaintiff's, Baker, motion for Rule 11 sanctions be denied. (DKT 85–1)

(5) **Ordered** that Plaintiff's, Baker motion for hearing on Defendant's Rule 11 sanctions be denied. (DKT 101–1)

(6) **Ordered** that Defendant's, Hillsborough County Civil Service Board, motion to strike the affidavit of Robert J. Shapiro be denied. (DKT 104–1)

(7) **Ordered** that Defendant's, Hillsborough County Civil Service Board, motion for renewed consideration of motion for sanctions and award of costs and attorney's fees is moot. (DKT 99–1)

**Done** and **Ordered.**

---

3. *Supra* p. 208.

4. The Advising Committee Note reminds courts to "avoid using the wisdom of hindsight and to test the signer's conduct by **inquiring what was**

reasonable to believe at the time the pleading, motion, or other paper was submitted." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).