930 So.2d 742 (2006)
William STROEMEL, III, Appellant,
v.
COLUMBIA COUNTY, Florida, Appellee.
No. 1D05-1695.
District Court of Appeal of Florida, First District.
May 4, 2006.
Rehearing Denied June 5, 2006.
*743 Timothy P. Atkinson and Segundo J. Fernandez of Oertel, Fernandez, Cole & Bryant, P.A., Tallahassee, for Appellant.
Marlin M. Feagle of Feagle & Feagle, Attorneys, P.A., Lake City, for Appellee.
PER CURIAM.
Appellant appeals the trial court's Final Judgment on Complaint for Declaratory Judgment. In the proceeding below, appellant argued that he was permitted, as a matter of right, to construct a single family dwelling, and canoe and kayak rental facility on his Columbia County property. The bulk of appellant's property is located within the Environmentally Sensitive Area 2 ("ESA-2") portion of Columbia County, as defined by the county's Land Development Regulations ("LDRs"). Appellant reasoned that section 4.4.2, Columbia County Code, expressly permits "public resource based recreation facilities," and that his rustic canoe and kayak rental operation located on the Santa Fe River would qualify as such a use.
The trial court ruled that (i) appellant's lot, though non-conforming due to its size,[1] may nevertheless be used for permitted uses; (ii) any development project proposed by appellant for his Columbia County property would have to meet the criteria for ESA-2 development to be permitted without special exception, and; (iii) the plan submitted by appellant for the development of his property fails to satisfy the ESA-2 standards, so it may not be undertaken without special exception. In coming to its conclusion on point (iii), the trial court relies on the following rationale in its rejection of appellant's argument that his proposed project is a "public resource based recreation facilit[y]:"
[T]his is a private commercial enterprise as proposed, not a public one. Plain and *744 obvious meaning shows that "public" modifies "facilities", and was not intended to be read public resource based recreational facilities. Even without additional reference to other parts of the L.D.R.'s this appears plain. When coupled with the definition of "Public Buildings and Facilities" ... this becomes even more plain and obvious, and is meant to apply to governmental entities for a public service purpose.
The trial court also states that appellant's argument on this point must fail, because section 4.4.4, Columbia County Code, prohibits "commercial uses."
We reverse, because we agree with appellant that the trial court erred in (1) construing the phrase "public resource based recreational facilities," and (2) in holding that all "commercial uses" are prohibited by the County Code.[2]

I. Background

On June 25, 1996, appellant purchased 8.52 acres of wooded property situated in Columbia County along the north bank of the Santa Fe River. This property is bordered on its west by State Road 47 and on its east by a commercial goat farm. Directly across the river from this property, trailered power boats, jet skis, canoes, and kayaks are launched by the public from Santa Fe State Park. The bulk of appellant's property is located within a portion of the county that is zoned by the county's LDRs as ESA-2. Appellant purchased this property for the purpose of establishing a single family dwelling, as well as a rustic canoe and kayak rental operation. Appellant proposed a development plan, which includes a single family residence or caretaker's residence, a canoe and kayak rental operation, sanitary facilities for guests, unpaved parking, educational aspects, and maintenance facilities for the repair of the canoes and kayaks.

II. The Columbia County Code

The Columbia County Code, states:
The "ESA" ... category includes three (3) zone districts: ESA-1, 2, 3. Lands in these districts are considered in need of special planning and treatment regarding land development regulation. These are not preservation districts, but land uses permitted within these districts are to provide mitigating measures to protect the natural functions of areas which are limited to the planning and treatment of land development within the one-hundred (100) year floodplain of the... Santa Fe River Corridor.... These regulations prohibit intensive residential, intens[ive] recreational and intensive agricultural uses and prohibit industrial and commercial development within the 100 year floodplain of the areas designated as Environmentally Sensitive Areas.
§ 4.4.1, Columbia County Code (emphasis added).
Section 4.4.2 of the Code identifies "Permitted Principal Uses and Structures." "Single family dwellings" and "public resource based recreation facilities" are expressly named as permitted principal uses and structures. § 4.4.2(2), (5), Columbia County Code. Section 4.4.3 of the Code defines and provides examples of "Permitted Accessory Uses and Structures." These are defined as uses and structures which:

*745 a. Are customarily accessory and clearly incidental and subordinate to permitted or permissible uses and structures;
b. Are located on the same lot as the permitted or permissible principal use or structure, or on a contiguous lot in the same ownership; and
c. Do not involve operations or structures not in keeping with the intent of these land development districts.
§ 4.4.3(1), Columbia County Code. Examples of such accessory uses and structures include "[d]ocks, ramps, piers and walkways for residential and water-dependent commercial uses," as well as "[r]esidential facilities for caretakers whose work requires residence on the premises or for employees who will be quartered on the premises." § 4.4.3(2), Columbia County Code.
Section 4.4.4 of the Code provides a list of uses and structures which are prohibited by the Code. This list includes "[i]ndustrial and commercial uses, intensive agricultural uses ..., private recreational uses and any use or structure not specifically, provisionally, or by reasonable implication permitted herein or permissible as a special exception."

III. Public Resource Based Recreation Facilities

In determining whether appellant's proposed development comes within the ambit of a "public resource based recreation facilit[y]," the following rules of statutory construction should be employed:
(a) In statutory construction, statutes must be given their plain and obvious meaning and it must be assumed that the legislative body knew the plain and ordinary meanings of the words.
(b) Statutes or ordinances should be given that interpretation which renders the ordinance valid and constitutional.
(c) Since zoning regulations are in derogation of private rights of ownership, words used in a zoning ordinance should be given their broadest meaning when there is no definition or clear intent to the contrary and the ordinance should be interpreted in favor of the property owner.
Municipal ordinances are subject to the same rules of construction as are state statutes.... [C]ourts generally may not insert words or phrases in municipal ordinances in order to express intentions which do not appear, unless it is clear that the omission was inadvertent, and must give to a statute (or ordinance) the plain and ordinary meaning of the words employed by the legislative body (here the City Council).
Rinker Materials Corp. v. City of North Miami, 286 So.2d 552, 553-54 (Fla.1973) (citations and footnotes omitted).
Contrary to the dictates of Rinker, the trial court's interpretation of the Code amounts to a rewriting of the Code's text. The trial court ignored the plain and ordinary meaning of the words used in the Code. The trial court states that "public resource based recreational facilities" was not meant to be read "public resource based recreation facilities," but was meant to require publicly owned recreation facilities. The trial court erred by inserting these words.
Neither the term "public" nor the phrase "public resource based recreation facilities" is defined by the Code, or in case law. As such, this language must be interpreted broadly, and in favor of appellant as the property owner in this case. "Public," when used as an adjective, means "[r]elating or belonging to an entire community, state, or nation .... [o]pen or available for all to use, share, or enjoy." Black's Law Dictionary 1242 (7th ed.1999). With these definitions in mind, it is clear that the *746 Santa Fe River is a "public resource." Furthermore, reading this Code provision broadly and in favor of appellant, it is obvious that a canoe and kayak rental operation would be a recreation facility based upon the Santa Fe River.

IV. Commercial Uses

The trial court's finding that appellant may not develop his property for a canoe and kayak rental operation, because section 4.4.4, Columbia County Code, prohibits "commercial uses" is error. Section 4.4.4 does totally bar "commercial uses," but section 4.4.3(2) specifically permits "[d]ocks, ramps, piers, and walkways for residential and water-dependent commercial uses" as well as the construction of residential facilities for "caretakers whose work requires residence on the premises or for employees who will be quartered on the premises." (Emphasis added). The County apparently intends to generally prohibit commercial uses within ESA-2, but to permit some limited types of commercial activity.
"Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control. . . ." Parker v. Baker, 499 So.2d 843, 845 (Fla. 2d DCA 1986). In applying this principle, commercial uses which fall under section 4.4.3(2) should be permitted, and are not subject to the general prohibition of section 4.4.4, while commercial uses not falling under section 4.4.3(2) continue to be prohibited.
Appellant's canoe and kayak rental operation is a "water-dependent commercial use," and is not subject to the section 4.4.4 prohibition on commercial uses. "Water-dependent Uses" are defined by the Code as "activities which can be carried out only on, in or adjacent to water areas because the use requires access to the water body for: waterborne transportation including ports or marinas; recreation; electrical generating facilities; or water supply." § 2.1, Columbia County Code (emphasis added). Canoeing and kayaking are certainly the types of activities covered under this definition. Therefore, a commercial enterprise seeking to establish a recreational facility for canoe and kayak rentals is permissible under the provisions of the Code.

V. Conclusion

The Columbia County Code specifically permits the development of "public resource based recreation facilities," and appellant's proposed development qualifies as such a use. Appellant's proposed development, though commercial, falls under the category of commercial development specifically permitted by the Code. Because we hold that appellant is permitted to implement his proposed development without first obtaining a special exception, we reverse the Final Judgment of the trial court.
REVERSED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.
NOTES
[1] Both parties agree that appellant's lot is a "non-conforming lot of record," because it is less than 10 acres in size and was in existence prior to the adoption of the County's Comprehensive Plan.
[2] We reject, without further comment, appellee's argument that because appellant's property is of non-conforming size (less than 10 acres), a special exception is required to development the property for any purpose other than for a single family dwelling. Additionally, because of our ruling on the "public resource based recreational facilities" issue, we do not address appellant's argument that the canoe and kayak rental operation is permitted as a use accessory to his single family dwelling.