105 So.2d 817 (1958)
STATE of Florida ex rel. JAYTEX REALTY COMPANY, a corporation, Appellants,
v.
C. Ray GREEN, as Chairman, and Joe F. Hammond, Joseph A. Burnette, Joseph B. Mallard, Julian Warren, as members of and composing the Board of County Commissioners of Duval County, a political subdivision of the State of Florida, and Arthur N. Sollee, as County Engineer and Ex-Officio in charge of the Building Department of Duval County, Appellees.
No. A-158.
District Court of Appeal of Florida. First District.
October 2, 1958.
Rehearing Denied November 4, 1958.
Harry B. Fozzard and Ralph E. Sistrunk, Jacksonville, for appellants.
*818 J. Henry Blount and Knight, Kincaid, Young & Harris, Jacksonville, for appellees.
SMITH, D.R., Associate Judge.
This is an appeal from a final judgment entered in a mandamus proceeding which quashed the alternative writ and denied the entry of peremptory writ. The proceeding involved the issuance of a building permit in accordance with the then-existing zoning regulation but when a petition was pending for the re-zoning of the area in question. One week after the issuance of the building permit, the same was revoked and, three weeks later, re-zoning was perfected. The re-zoning prohibited construction within the area of the type building authorized by the permit. Before the re-zoning was perfected, the petitioner filed this proceeding to compel respondents to set aside the former permit cancellation and to re-establish the permit as originally issued on the principal ground that petitioner had acquired a vested interest in the permit which could not be divested by later cancellation except upon the ground of mistake or fraud.
The facts in this proceeding are almost identical with those appearing in the cases of Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, 156 Fla. 673, 24 So.2d 33; Sharrow v. City of Dania, Fla., 83 So.2d 274; and City of Fort Lauderdale v. Lauderdale Industrial Sites, Inc., Fla.App., 97 So.2d 47. The record in this case shows no justification for the application of the doctrine of equitable estoppel. All other questions and principles of law raised by appellant are fully and completely discussed and answered in the above cited cases. The judgment of the lower court quashing the alternative writ of mandamus and denying the entry of the peremptory writ is, therefore, affirmed without further comment.
STURGIS, C.J., and WIGGINTON, J., concur.

On Petition for Rehearing
WIGGINGTON, Judge.
The experience of this court indicates that there is prevalent in the bar an opinion that the filing of a petition for rehearing is a routine step in every case decided by an appellate court. We, therefore, feel that a clearcut statement of the purpose and function of such a motion should be made.
The sole and only purpose of a petition for rehearing is to call to the attention of the court some fact, precedent or rule of law which the court has overlooked in rendering its decision. Judges are human and subject to the frailties of humans. It follows that there will be occasions when a fact, a controlling decision or a principle of law even though discussed in the brief or pointed out in oral argument will be inadvertently overlooked in rendering the judgment of the court. There may also be occasions when a pertinent decision of the Supreme Court or of another District Court of Appeal may be rendered after the preparation of briefs, and even after oral argument, and not considered by the court. It is to meet these situations that the rules provide for petitions for rehearing as an orderly means of directing the court's attention to its inadvertence.
It is not a compliment to the intelligence, the competency or the industry of the court for it to be told in each case which it decides that it has "overlooked and failed to consider" from three to twenty matters which, had they been given proper weight, would have necessitated a different decision.
Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the *819 court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.
It may be that some petitions for rehearing stem from an erroneous conception of the purpose of an opinion prepared by the court. The only justification for inflicting upon the bar the duty of reading the great mass of opinions prepared by appellate courts is that an opinion is necessary for the guidance of the trial court and the litigants in the subsequent stages of the same litigation, or that a question of law is of such importance that its discussion and decision will be of assistance to the bar and other courts in ascertaining the rights of persons and the proper decision of other cases. An opinion should never be prepared merely to refute the arguments advanced by the unsuccessful litigant. For this reason it frequently occurs that an opinion will discuss some phases of a case, but will not mention others. Counsel should not from this fact draw the conclusion that the matters not discussed were not considered.
It is not the purpose of these remarks to discourage the filing of petitions for rehearing in those cases in which they are justified. If we have, in fact, inadvertently overlooked something that is controlling in a case we welcome an opportunity to correct the mistake. But before filing a petition for rehearing a member of the bar should, as objectively as his position as an advocate will permit, carefully analyze the law as it appears in his and his opponent's brief and the opinion of the court, if one is filed. It is only in those instances in which this analysis leads to an honest conviction that the court did in fact fail to consider (as distinguished from agreeing with) a question of law or fact which, had it been considered, would require a different decision, that a petition for rehearing should be filed.
What we have said has purposely been couched in general language designed for the attention of the bar as a whole rather than a criticism directed particularly at counsel in this case. While the petition under consideration should not have been filed, the filing of such petitions as a matter of course has become so much a custom that no extraordinary blame should be laid upon their shoulders.
Petition denied.
STURGIS, C.J., and SMITH, D.R., Associate Judge, concur.