ON REHEARING
ADKINS, Justice.
This cause is before us on a motion filed by the Respondents to quash the petition for writ of certiorari on the ground that it was not filed within thirty days of the rendition of the order, decision or judgment of the District Court of Appeal.
The original opinion of the District Court of Appeal was filed June 23, 1970, affirming the judgments of the Circuit Court.
On rehearing granted another opinion was filed December 8, 1970, in which the District Court receded from and vacated its prior opinion.
On January 6, 1971, a petition for rehearing was denied and on January 19, 1971, petition for writ of certiorari was filed in this Court.
The petition for certiorari was filed more than thirty days after the original opinion of the District Court of Appeal, more than thirty days after the opinion rendered on rehearing granted, but within thirty days from the date of the denial of the subsequent petition for rehearing.
Respondents contend that the second petition for rehearing was improper because of the provisions of F.A.R. Rule 3.14(e), 32 F.S.A., which reads as follows:
“Only One Petition Allowed. The petitioner shall be entitled to file only one petition for rehearing with respect to the particular decision and no further petition or motion will be received or filed by the clerk or considered by the Court.”
The sole and only purpose of a petition for rehearing is to call to the attention of the Court some fact, precedent or rule of law which the Court has overlooked in rendering its decision. See State ex rel. Jaytex Realty Company v. Green, 105 So.2d 817 (Fla.App.1st, 1958). Whefe an opinion is rendered on rehearing granted, a party should be given an opportunity to call matters to the attention of the Court which might have been overlooked in the rendition of the opinion or decision on rehearing. If the decision or opinion on rehearing which has been granted reverses or materially changes the original opinion or decision, then the subsequent decision or opinion becomes the decision of the Court to which a petition for rehearing may be filed under the provision of F.A.R. Rule 3.14(e).
The motion to quash is therefore denied.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.