472 So.2d 469 (1985)
Robert Eugene HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. AY-497.
District Court of Appeal of Florida, First District.
April 15, 1985.
Rehearing Denied July 30, 1985.
*470 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a judgment and sentence entered upon a jury verdict finding appellant guilty of leaving the scene of an accident resulting in injury to a person and driving with a suspended driver's license. The issues presented are whether the trial court erred in admitting as rebuttal evidence the book-in photograph of appellant, which was not disclosed on discovery, and whether the trial court erred in imposing an undetermined amount of restitution upon the appellant.
On August 1, 1983, a vehicle driven by Gladys Colvin and occupied by four other passengers was stopped at a red light when it was rear-ended by a green AMC Wagon, whose driver, after the impact, backed up and drove away. Ms. Colvin and her passengers sustained injuries, ranging from mild whiplash to torn ligaments, muscles, and permanent nerve damage. Trooper R.D. Holley was investigating another accident when he saw a green AMC Wagon with a damaged front end and no headlights passing by. As the car passed him, he shone his spotlight on the driver, looked at the driver's face, and noted the driver's hair color, hair length, and white, militarystyle shirt. He could not tell whether the driver was male or female. He called the Highway Patrol Station to find out if it had received any accident reports and was called back a few seconds later and advised that there had been a hit-and-run accident at a nearby intersection, which was in the direction from which the AMC Wagon was leaving. Two hours later, Trooper Holley saw the same AMC Wagon, which the Sheriff's Department had stopped, as it *471 was being towed by the appellant and friends. He recognized appellant as the driver he had seen earlier, and appellant was later arrested. Trooper Holley was the only person who could identify appellant as the driver of the AMC Wagon.
Appellant testified that, on the night of the accident, he was wearing a t-shirt, and did not own a white dress shirt. Appellant's wife also testified that appellant always wore jeans and a t-shirt and did not own a white, button-up shirt with a white collar. Appellant's mother testified that it was she who struck the Colvin car and drove away because she had no driver's license and no insurance. After the defense rested, the State announced that it had one rebuttal, and the following colloquy took place:
MR. SCHILLER [prosecutor]: We have one rebuttal.
THE COURT: This is rebuttal.
You said you wanted me to hear something outside the presence of the jury?
MR. SCHILLER: I didn't say that.
MR. SELLERS [defense counsel]: I am sure I know what is coming, what you are going to ask him. I think it has to be heard out of the presence of the jury.
MR. SCHILLER: What is that?
MR. SELLERS: A little photograph.
MR. SCHILLER: Basically, Judge, we have a photograph taken of the defendant the night of the offense. We would like to offer that into evidence. The officer has it with him.
THE COURT: Is there something objectionable about that?
MR. SELLERS: I haven't seen it yet, Your Honor.
Yes, Sir, I have got several objections to it. First of all, it wasn't provided on discovery even though it obviously has been in the State's possession since the time the picture was taken.
The photograph in question showed appellant wearing a white, button-down shirt with a collar.
During the subsequent proffer, Trooper Holley testified that the photograph was dated August 2, 1983, that it was a photograph of the appellant being booked into the county jail, that the photograph accurately portrayed the appellant as Trooper Holley saw him on the night of the accident, and that he had obtained the photograph at 1:00 p.m. the day of the trial. The photograph showed appellant wearing a white, button-down shirt with a collar. The trial court ruled that the photograph was admissible and allowed Trooper Holley to testify regarding the photograph over the appellant's renewed objections. On surrebuttal, the appellant's mother testified that a relative had given the appellant a white shirt a long time ago.
The appellant's renewed motion for judgment of acquittal and motion for a mistrial based upon the court's failure to conduct a Richardson inquiry (Richardson v. State, 246 So.2d 771 [Fla. 1971]), into the State's alleged failure to provide him with the photograph, pursuant to a valid demand for discovery, were denied. The jury found the appellant guilty as charged, and, on April 17, 1984, he was sentenced. His sentence included the requirement that he "make some restitution as may be required by the probation officer."
Appellant first argues that the State violated Rule 3.220(a)(1)(xi), Florida Rules of Criminal Procedure, which provides:
After the filing of the indictment or information, within 15 days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
... .
(xi) any tangible papers or objects which the prosecuting attorney intends to use in the hearing or trial and which were not obtained from or belonged to the accused.
When the State violates the above-quoted Rule of Criminal Procedure, the trial court is required to make a full inquiry into all the circumstances surrounding the breach to determine whether the *472 defendant is prejudiced by the State's noncompliance. If the State has not complied with the rule, it carries the burden of showing that the defendant has not been prejudiced by its noncompliance, and the trial court's failure to make a full inquiry would require reversal of the conviction. Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977).
In the instant case, however, State did not violate the above rule of discovery, Rule 3.220(a)(1)(xi). Therefore, the need for a full inquiry (Richardson inquiry) did not arise. Rule 3.220(a)(1)(xi) uses the word "intends,"[1] and it is apparent from the record that the State did not "intend" to use the book-in photograph of appellant at the trial. The State relied upon the testimony of Trooper Holley to identify appellant as the driver of the AMC Wagon. Not until defense counsel presented testimony denying that appellant owned a white dress shirt did the need for the photograph for rebuttal purposes occur. In fact, the State did not have the photograph in its possession on the day of the trial and sent Trooper Holley to retrieve it from the Escambia County Sheriff's Department. Furthermore, Trooper Holley, upon whose testimony the State relied to identify the appellant as the driver, was available for deposition by appellant; there was no question that the photograph was of the appellant; and the record indicates that defense counsel was aware of the existence of the photograph.
We hold the trial court did not err in admitting the book-in photograph as rebuttal evidence since there was no discovery violation by the State and therefore no need for a Richardson inquiry. We therefore affirm the judgment.
We must, however, set aside the sentence and remand for resentencing because the trial court impermissibly imposed an undetermined amount of restitution upon the appellant. Section 948.03(1)(e), Florida Statutes (1983), requires that the trial court determine the amount of restitution to be made by the probationer or offender in community control. This duty cannot be delegated. M.A.R. v. State, 433 So.2d 29 (Fla. 5th DCA 1983).
Accordingly, the judgment is affirmed, and the sentence is set aside and remanded for resentencing.
SHIVERS, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.
NOTES
[1] Compare, Rule 3.220(a)(1)(i), which provides:

(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto. [emphasis added]