DANIEL, Chief Judge.
This is an appeal from a judgment and sentence following a jury verdict of guilty of aggravated battery.
Defendant, Samuel L. Brown, raises several issues on appeal. We find merit only in that portion of the defendant’s sentence directing defendant’s community control officer to determine the amount of restitution due the victim of defendant’s actions.
In sentencing defendant, the trial court stated:
I will require that restitution for medical or doctor expenses that were incurred by Mr. Wyckoff be taken care of by Mr. Brown also as a part of his community control. I’m authorizing his Community Control Officer to make reasonable inquiry as to a determination and establishment as to what those expenses were. I am requiring Mr. Brown to pay back these expenses according to a plan or schedule to be worked out between Mr. Brown and his Community Control Officer.
The state candidly concedes it to be error for a trial court to delegate its responsibility to determine the amount of restitution due a victim pursuant to section 948.03(1), Florida Statutes (1987).
Accordingly, the judgment is affirmed but the sentence is reversed and the matter remanded to the trial court for further proceedings to determine the amount, if any, due the victim. See Bostic v. State, 504 So.2d 794. (Fla. 2d DCA 1987); McDonald v. State, 478 So.2d 113 (Fla. 2d DCA 1985); Huffman v. State, 472 So.2d 469 (Fla. 1st DCA 1985).
Judgment AFFIRMED; sentence VACATED; REMANDED.
DAUKSCH and COBB, JJ., concur.