631 So.2d 1100 (1993)
LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, Appellant,
v.
Marie Ruth REITZES and Young, Stern & Tannenbaum, P.A., Appellees.
No. 92-1638.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Opinion on Denial of Rehearing November 17, 1993.
Steven E. Siff, McDermott, Will & Emery, Miami, for appellant.
Andrew S. Berman, Young, Franklin, Berman & Karpf, P.A., North Miami Beach, for appellees.
PER CURIAM.
AFFIRMED.
GUNTHER, POLEN and FARMER, JJ., concur.

ON MOTION FOR REHEARING AND ORDER TO SHOW CAUSE
POLEN, Judge.
Appellant has filed a motion for rehearing in this cause pursuant to Florida Rule of Appellate Procedure 9.330, notwithstanding this court's per curiam affirmance without opinion. We deny the motion.
Rule 9.330 provides in pertinent part:
(a) Time for Filing; Contents; Reply. A motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing or clarification shall state with particularity the points of law or fact that the court has overlooked or misapprehended. The motion shall not re-argue the merits of the court's order... .
(Emphasis added.)
We find nothing in the instant motion for rehearing that appellant did not argue in his briefs or in oral argument. The motion does what Rule 9.330(a) proscribes; it re-argues the merits of the case. See Seslow v. Seslow, 625 So.2d 1248 (Fla. 4th DCA 1993); Jacobs v. Wainwright, 450 So.2d 200, 201 (Fla.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 433 (1984). Motions for rehearing filed under these circumstances are particularly troubling in light of Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983), and its progeny. Despite all that has been written to discourage the abuse of motion practice, motions for rehearing continue "to occupy a singular status of abuse"[1] in our court system. An inordinately high number of motions for rehearing are filed in this court and the great majority violate Rule *1101 9.330(a). The only explanation we can fathom for this abuse of motion practice is that too many attorneys are not engaging in any meaningful consideration of the intended purpose of the rule as it applies, or does not apply, to their unsuccessful appeal. It appears that counsel are utilizing the motion for rehearing and/or clarification as a last resort to persuade this court to change its mind, or to express their displeasure with this court's conclusion. This is not the purpose of Rule 9.330.[2] It should be noted that the filing of Rule 9.330 motions should be done under very limited circumstances; it is the exception to the norm. The Second District wrote in Parker v. Baker, 499 So.2d 843 (Fla.2d DCA 1986), and we agree, that if this abuse of motion practice perseveres, "the fear might arise that all motions for rehearing would, at least initially, be viewed with skepticism by a busy court." Id. at 848. The same court had earlier stated in Jackson v. United States Aviation Underwriters, 466 So.2d 1119 (Fla. 2d DCA 1985), albeit to no avail:
In each instance of the Rule's misuse, the time and effort of three judges is wasted, not to mention the time, energy and effort of the Clerk's office and the other persons who function in the court's processes. It is our hope, and certainly expectation, that the bar will heed the Rule's command that the "motion shall not reargue the merits of the court's order." The instant motion is a paradigm of the abuse giving rise to our reaction.
Id. at 1119-1120 (emphasis added). We find the oft-quoted passage from Judge Wigginton's opinion in State v. Green, 105 So.2d 817 (Fla. 1st DCA 1958), cert. discharged, 112 So.2d 571 (Fla. 1959), to be particularly instructive here:
Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.
Id. 105 So.2d at 819. Counsel would be welladvised to reacquaint themselves with Rule 9.330(a) and the foregoing passage, and to cease filing motions except under the very limited circumstances provided for in the Rule. Accordingly, appellant's motion for rehearing is hereby denied, because it is without merit and constitutes a flagrant violation of Rule 9.330(a).
Furthermore, because of appellant's counsel's flagrant abuse of the Rules of Appellate Procedure, we order counsel to show cause, within eighteen (18) days of the date we issue this opinion, why monetary or other sanctions should not be imposed.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] Parker v. Baker, 499 So.2d 843, 847 (Fla. 2d DCA 1986).
[2] We do not take the position that all members of the Bar are guilty of this flagrant misuse of the motion for rehearing and/or clarification. Fortunately, there are members of the Bar who maintain the level of professionalism advocated by the Rules of Professional Conduct.