648 So.2d 135 (1994)
James Norman ELLIOTT, Jr., Appellant,
v.
Jane L. ELLIOTT, Appellee.
No. 93-0147.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
On Denial of Rehearing July 20, 1994.
Michael David McDonough, West Palm Beach, for appellant.
Jane L. Elliott, pro se, North Palm Beach, and John L. Avery, Jr. of the Law Offices of John L. Avery, Jr., Jupiter, for appellee (withdrawn as counsel after filing brief).
PER CURIAM.
Affirmed.
ANSTEAD, HERSEY, JJ. and MAGER, GERALD, JR., Associate Judge concur.

ON MOTION FOR REHEARING
MAGER, GERALD, Senior Judge.
Appellant, through his counsel, has filed a motion for rehearing of this court's per curiam affirmance, without opinion, of the lower court's order, suggesting that such motion is filed "pursuant to Rule 9.330 of the Florida Rules of Appellate Procedure." The tone and tenor of the motion is perhaps best reflected by the following language in the initial statement made by appellant:
After a Judgment [sic] that was a travesty; an Answer Brief filled with hyperbole and falsehood; and this Court's superficial and shallow review, the appellant can now only pray for simple fairness and equity.
We are unable to reconcile the motion with Fla.R.App.P. 9.330 and the legion of cases which have interpreted the rule with respect to its proper as well as improper application. The instant motion does violence to rule 9.330 by rearguing the merits of the case in an effort to persuade the court to change its mind; in addition, it expresses displeasure with and chastises the lower court, the appellee and this court.
Time and time again the appellate courts have endeavored to inform the bar about the importance of adhering to rule 9.330 expressing the hope "that the bar will heed the Rule's command that the `motion shall not reargue the merits of the court's order.'" Parker v. Baker, 499 So.2d 843, 847 (Fla.2d DCA 1986), rev. denied, 506 So.2d 1040 (Fla. 1987), quoting Jackson v. United States Aviation Underwriters, Inc., 466 So.2d 1119, 1120 (Fla. 2d DCA 1985), dismissed, 472 So.2d 1181 (Fla. 1985). The court in Parker quoted extensively from several earlier decisions rendered by the Supreme Court of Florida and other appellate courts, in an effort to delineate and articulate carefully the scope and purpose of rehearing and the kinds of motions that constitute a flagrant violation of the rule, e.g., disagreeing with the court's *136 conclusion; rearguing matters already discussed in briefs and oral arguments and necessarily considered by the court; requesting the court to change its mind on matters already presented and argued; ventilating displeasure with the court's conclusion. These are the most common examples of abuse.[1]
In 1979, this court aptly observed in Dubowitz v. Century Village, East, Inc., 381 So.2d 252, 253 (Fla. 4th DCA 1979), that "[t]his Court is being deluged nowadays with a plethora of pleadings which have no place in any appellate court and which are causing a distressing waste of time. We are in truth suffering from acute motion sickness."
The instant motion reflects an unawareness of or a blatant disregard for the rule and the many decisions discussing its proper application. This seeming indifference is troublesome, to say the least. Recently, this court again expressed its concern about and displeasure with the abusive use of motions for rehearing. See Lawyer's Title Ins. Corp. v. Reitzes, 631 So.2d 1100 (Fla. 4th DCA 1993). Quoting from some of the very same authorities referenced above, this court observed, in part:
Despite all that has been written to discourage the abuse of motion practice, motions for rehearing continue "to occupy a singular status of abuse" in our court system. An inordinately high number of motions for rehearing are filed in this court and the great majority violate Rule 9.330(a). The only explanation we can fathom for this abuse of motion practice is that too many attorneys are not engaging in any meaningful consideration of the intended purpose of the rule as it applies, or does not apply, to their unsuccessful appeal.
631 So.2d at 1100-01.
Having found the motion to constitute a flagrant violation of rule 9.330(a), this court, in Reitzes, entered an order to show cause "why monetary or other sanctions should not be imposed." Id. at 1101.
The instant motion is a personification of the very conduct found by the appellate courts to constitute a flagrant violation of the rule, i.e., it disagrees with the court's conclusion and proceeds to reargue the merits of the case. And, if that were not sufficient, it proceeds to do so in a manner that is disparaging to the lower court, to opposing counsel and to this court. This conduct cannot and will not be countenanced. The time has long since passed for announcements, pronouncements and warnings. As the court in Parker observed, "[i]t is the accumulated weight of such motions that has caused this particular motion to tip the balance toward again doing something other than simply denying the motion." 499 So.2d at 848.[2]
Accordingly, and consistent with our action in Lawyer's Title Insurance Corp. v. Reitzes, supra, appellant's motion for rehearing is denied because it is without merit and constitutes a flagrant violation of rule 9.330(a). We further order counsel to show cause within twenty (20) days of this date why monetary and other sanctions should not be imposed.
ANSTEAD, J., concurs specially with opinion.
HERSEY, J., concurs in result only.
ANSTEAD, Judge, specially concurring.
I concur in Judge Mager's opinion and write separately to comment briefly on the proper use of motions for rehearing, in general, and in this particular case.
As an individual judge, I generally find motions for rehearing helpful and an important part of our appellate quality control system. Accordingly, I would encourage the good faith filing of such motions. However, our court has adopted a rather strict view of the use of such motions. See Lawyers Title Ins. Corp. v. Reitzes, 631 So.2d 1100 (Fla. 4th *137 DCA 1993). This view is based on a solid and reasonable foundation and I have absolutely no reservations about applying that policy here.
This is a dissolution action involving a long term marriage (23+ years), where the former husband abandoned his spouse in May of 1990 for another woman. The wife was ill and disabled for the last two years of the marriage. The husband is in an unusual procedural position on appeal. The trial court struck all of the husband's pleadings for wilful misconduct related to discovery, prior to trial. In addition, when we review a case like this after a trial we must view the evidence most favorably to support the trial court's rulings.
After the parties separated, the husband provided no support for the wife, who at one time ended up working three (3) jobs at the same time to support herself. In addition, the husband failed to make the mortgage payments (while advising the wife to the contrary) on the marital home, and the wife was forced to borrow $4,000.00 to save the home from foreclosure. At the time of final hearing the wife also had some $20,000.00 in outstanding medical bills that, but for the husband's neglect, would have been covered by insurance.
Sometime after the separation the parties agreed to sell the marital home, and, but for a few thousand dollars, the husband allowed the wife to keep all of the proceeds. The wife used the proceeds to support herself (she purchased a new home) and to support the parties' daughter in college. The husband was aware that the daughter was being aided. In fact, the husband reminded the daughter that her aid was coming from both parents.
At trial in December of 1992, the husband contended that the wife had wrongfully used his money (the proceeds from the house sale) to pay for the daughter's support. The court rejected this argument after allowing the husband to participate at trial despite the fact that his pleadings had been stricken. By coincidence, the discovery violations that precipitated the sanctions involved discovery of the husband's finances.
The court awarded the wife $25,000.00 as lump sum and rehabilitative alimony, but allowed the husband to be credited with paying this by virtue of the wife's retention of the proceeds of the sale of the home. The trial court also ordered the wife to pay the husband $15,000.00 as his net share of the equitable distribution of the proceeds from the sale of the house. Both parties were ordered to pay their own attorney's fees and costs and no permanent periodic alimony was awarded.
On appeal, the husband contends that there was no justification for the wife receiving a substantial amount more than he out of the proceeds of the house. He submits some mathematically precise arguments about the trial court's mistakes in both allowing the wife to support the daughter during the separation, and in making the husband pay more than his fair share of that support. What he overlooks is the broad discretion of the trial court and virtually all of the evidence briefly summarized above, that may well have justified an even greater award to the wife. Under these circumstances, we probably should not be surprised, even if we are dismayed, at the tenor of the motion for rehearing.
NOTES
[1] See Scott Mager, Motions for Rehearing and Rehearing En Banc, 369 AFTL Journal 29 (June 1993).
[2] As the Parker court observed, "[w]e by no means wish to discourage motions for rehearing which comply with the rule. This court is not immune from occasional error and from time to time acknowledges that it has overlooked a point of law or fact and issues a revised ruling." Id.