IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT


BOARDWALK AT DAYTONA
DEVELOPMENT, LLC,

      Appellant,

 v.                                        Case No. 5D15-1944

PANORMITIS K. PASPALAKIS,
ELENY LISA PSAROS, AND
A.L. & P. CORPORATION,

      Appellees.

_____/

Opinion filed February 24, 2017

Appeal from the Circuit Court
for Volusia County,
Dennis Craig, Judge.

David A. Monaco, John N. Bogdanoff, and
Christopher V. Carlyle, of The Carlyle
Appellate Law Firm, The Villages, for
Appellant.

Amy Brigham Boulris, Lauren Vickroy
Purdy, and Jonathan Kaskel, of Gunster,
Yoakley & Stewart, P.A., Miami, for
Appellees.


EDWARDS, J.

**ON MOTION FOR REHEARING**

Panormitis K. Paspalakis, et al.'s ("Appellees") motion for rehearing is denied because it is inappropriate and meritless. First, Appellees assert that this court overlooked the facts, authorities, and arguments set forth in its brief and the record on

appeal.  We did not.  Appellees' "motion does what [Florida Rule of Appellate Procedure] 9.330(a) proscribes; it re-argues the merits of the case."  *Lawyers Title Ins. Corp. v. Reitzes,* 631 So. 2d 1100, 1100 (Fla. 4th DCA 1993) (citations omitted).  "It appears that counsel are utilizing the motion for rehearing and/or clarification as a last resort to persuade this court to change its mind or to express their displeasure with this court's conclusion." *Id.* at 1101*.*  "This is not the purpose of [r]ule 9.330.  It should be noted that the filing of [r]ule 9.330 motions should be done under very limited circumstances, it is the exception to the norm."  *Id.* (footnote omitted).  "Motions for rehearing are strictly limited to calling an appellate court's attention–without argument–to something the court has overlooked or misapprehended.  'The motion for rehearing is not a vehicle for counsel or the party to continue its attempts at advocacy.'" *Cleveland v. State*, 887 So. 2d 362, 364 (Fla. 5th DCA 2004) (quoting *Goter v. Brown*, 682 So. 2d 155, 158 (Fla. 4th DCA 1996)).

Appellees also misuse their motion by essentially seeking leave to amend their pleadings post-judgment and post-appeal.  In the trial court, Appellees filed a single count counterclaim that set forth a single cause of action, and pursued a single remedy: specific performance.  After we determined that specific performance is not available to Appellees, they ask for a remand so that they can pursue alternative remedies that they either abandoned or never pled below.  We acknowledge Appellees' position that it seems unfair for them to not get the full benefit of their bargain.  However, Appellees freely made their choice, during lengthy litigation, to not pursue different causes of action or other remedies such as money damages, reformation, or rescission.  Appellees cite to no decision where a party maintained a single count complaint for specific performance, lost on the merits, and then was allowed to return to the trial court to assert alternative claims for relief arising

out of the same transaction. "No new ground or position may be assumed in a petition for rehearing." *Id.* (citations omitted). "Here, [Appellees] impermissibly attempt[] to raise a new argument in [their] . . . petition for rehearing. This court need not entertain new argument or consider additional authority cited in support thereof." *Id.* There simply is no justification or basis for granting the relief Appellees request for leave to amend for the first time on rehearing.

MOTION FOR REHEARING DENIED.


SAWAYA and PALMER, JJ., concur.