# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**WILLIAM PAUL DABBS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1890

[October 18, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 11CF012022AMB.

Carey Haughwout, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

## ON MOTION FOR REHEARING

FORST, J.

We deny the State's motion for rehearing, wherein the State relies upon an argument contrary to that raised previously. Our earlier opinion concluded that, based on the trial court's finding that there were discovery violations at the beginning of Appellant Dabbs' murder trial, the trial court reversibly erred in not granting a mistrial.

Because it is the "exception to the norm," a motion for rehearing filed under Florida Rule of Appellate Procedure 9.330 "should be done under very limited circumstances." *Lawyers Title Ins. Corp. v. Reitzes*, 631 So. 2d 1100, 1101 (Fla. 4th DCA 1993). "The proper function of a [motion] for rehearing is to present to the court in clear and concise terms some point that it overlooked or failed to consider; only this and nothing more." *Dep't of Revenue v. Leadership Hous., Inc.*, 322 So. 2d 7, 9 (Fla. 1975) (quoting *Tex. Co. v. Davidson*, 80 So. 558, 559 (Fla. 1918)). A motion for rehearing

is "strictly limited to calling [the Court's] attention—*without argument*—to something . . . obviously overlooked or misapprehended" and "is not a vehicle for counsel or the party to continue its attempts at advocacy." *Goter v. Brown*, 682 So. 2d 155, 158 (Fla. 4th DCA 1996).

In its motion for rehearing, the State maintains that "[i]t is clear . . . that . . . no discovery violation occurred." This is an interesting argument, inasmuch as the State's answer brief stated that "Appellant failed to show an abuse of discretion in finding there was a discovery violation" and that "[t]he only question . . . to be decided on appeal is whether 'there is a reasonable probability that the defendant's trial preparation or strategy would have been materially different had the violation not occurred.'" An issue not raised previously cannot be raised for the first time in a motion for rehearing. *Ayer v. Bush*, 775 So. 2d 368, 370 (Fla. 4th DCA 2000); *Fiesta Fashions, Inc. v. Capin*, 450 So. 2d 1128, 1129 (Fla. 1st DCA 1984). Our earlier reversal opinion is rooted in the trial court's determination that there had been a discovery violation and the answer brief's acquiescence to that holding. An "on second thought" argument made in a motion for rehearing will not be entertained.

In any case, we cannot find an abuse of discretion in the trial court's holding that there was a discovery violation. *See Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) (a trial court abuses its discretion "only where no reasonable man would take the view adopted") (quoting *Delno v. Mkt. St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir. 1942)). Accordingly, the State's argument that our opinion conflicts with *Huffman v. State*, 472 So. 2d 469 (Fla. 1st DCA 1985), is rejected. In *Huffman*, the trial court found *no* discovery violation. *Id.* at 472. The State's other principal argument in its motion for rehearing is similar to its position at trial and in its answer brief: the purported discovery violation was attributable to an unanticipated defense introduced in Appellant's opening argument and the totality of his defense was not procedurally prejudiced by the State's discovery violation. This argument was already addressed in our opinion. A motion for rehearing should not be used "as a vehicle to reargue the merits of the court's decision or to express displeasure with its judgment." *Whipple v. State*, 431 So. 2d 1011, 1013 (Fla. 2d DCA 1983).

There is some evidence in the record that the State was or should have been on notice that Appellant would rely on a self-defense argument premised on a claim that he believed the victim had access in the vehicle (where the victim was found dead) to one of his (the victim's) guns. Further, we have already determined that "the trial court erred in determining that Appellant was not procedurally prejudiced by the State's failure to disclose certain evidence [and a witness, and that the]

2

appropriate action below would have been to declare a mistrial and conduct a new trial with a jury that had not been exposed to Appellant's now-eviscerated theory of defense."

We deny the State's "request [of] the court to change its mind as to a matter which has already received the careful attention of the judges." *Reitzes*, 631 So. 2d at 1101 (quoting *State ex rel. Jaytex Realty Co. v. Green*, 105 So. 2d 817, 818-19 (Fla. 1st DCA 1958)).

*Denied.*

WARNER and LEVINE, JJ., concur.

*   *   *

3