PER CURIAM.
Hugh Hicks appeals the summary final judgment granted in favor of American Integrity Insurance Company of Florida ("AIIC") in his suit for breach of contract. Hicks contends that the trial court misapplied his insurance policy's provision excluding damages caused by "[c]onstant or repeated seepage or leakage of water ... over a period of 14 or more days." For the following reasons, we agree and reverse.
Hicks purchased an "all risks" policy from AIIC, which covered his home from May 31, 2012, until May 31, 2013.[1] In September 2012, while Hicks was out of town, the water supply line to his refrigerator began leaking, slowly at first, then steadily increasing, until, by the time Hicks returned on October 25, the supply line was discharging almost one thousand gallons each day. Hicks filed a claim with AIIC, but after AIIC's expert determined that the pipe had been leaking for five weeks or more, AIIC denied the claim, quoting the following provision of the policy: "We do not insure ... for loss ... [c]aused by ... [c]onstant or repeated seepage or leakage of water ... over a period of 14 or more days."
Hicks sued for breach of contract, and AIIC pleaded in an affirmative defense that this provision excluded Hicks's loss. AIIC then filed a motion for summary judgment, arguing that because the leak occurred over a period of more than fourteen days, the provision unambiguously excluded coverage for all of Hicks's losses. Hicks filed his own motion for summary *927 judgment, on three issues: that Hicks sustained a physical loss during the policy period, that all losses occurring within the first thirteen days were covered, and that Hicks was entitled to $40,926.77 for losses occurring within the first thirteen days of the leak. Hicks attached to his motion an extensive report from a forensic general contractor, which attempted to calculate the amount of damage to Hicks's home within the first thirteen days of the leak. At a hearing on the motions, the trial court told Hicks, "Basically, you're asking [this court] to say whether the policy covered the loss in the first 13 days .... It might, but I'm not so sure that the time frame of these particular facts would allow for that determination." The trial court then granted summary judgment in AIIC's favor.
On appeal, Hicks contends that the exclusion applies only to losses "caused by water on day 14 and onward." Hicks relies on Wheeler v. Allstate Insurance, 687 Fed.Appx. 757, 759 (10th Cir. 2017), in which Allstate denied Wheeler's claim under a substantially similar exclusion clause. A leak in Wheeler's seasonal cabin went undiscovered for several months, by which point the basement had been flooded with five inches of water. Id. At trial, Wheeler argued that he was entitled to coverage for the first week of damage caused by the leak. Id. at 762. The court in Wheeler reversed the trial court's grant of summary judgment in Allstate's favor, finding that the "claimed damage was not caused by leakage over a period of 14 days or longer; it was caused by leakage over a period of less than 14 days." Id. at 767. Hicks also relies on Coutts v. Florida Peninsula Insurance, 23 Fla. L. Weekly Supp. 1012b, 2016 WL 2610065 (Fla. 11th Cir. Ct. Mar. 4, 2016), in which the plaintiff sued her insurance company after it denied her claim based on a substantially similar exclusion clause. The circuit court held, "[I]f the 'loss' was realized between days 1 and 13 it is not excluded, even though the 'condition' may have remained on the property for 14 days or longer. Thus, the stipulation that the home was exposed to water for 14 or more days proved just that-and nothing more." Id.
In light of the general principle that insurance policy provisions susceptible to more than one interpretation should be construed liberally in favor of the insured and strictly against an insurer, and that exclusionary clauses should be read even more narrowly, we hold that an insurance policy excluding losses caused by constant or repeated leakage or seepage over a period of fourteen days or more does not unambiguously exclude losses caused by leakage or seepage over a period of thirteen days or less. See Container Corp. of Am. v. Md. Cas. Co., 707 So.2d 733, 736 (Fla. 1998) ; State Farm Mut. Auto. Ins. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986) ; FCCI Ins. v. Horne, 890 So.2d 1141, 1143 (Fla. 5th DCA 2004) ; Hrynkiw v. Allstate Floridian Ins., 844 So.2d 739, 741 (Fla. 5th DCA 2003). It is not unambiguously clear that a provision excluding losses caused by constant leakage of water over a period of fourteen or more days likewise excludes losses caused by constant leakage of water over a period of less than fourteen days. And ambiguous insurance provisions-those susceptible to more than one meaning, one providing coverage and the other denying it-must be construed against the insurer and in favor of coverage. Wash. Nat'l. Ins. v. Ruderman, 117 So.3d 943, 950 (Fla. 2013) ("[W]here, as here, one reasonable interpretation of the policy provisions would provide coverage, that is the construction which must be adopted."); Pridgen, 498 So.2d at 1248.
Moreover, the trial court's express reasoning for granting summary judgment in AIIC's favor-that the policy "might" cover "the loss in the first 13 days," but that the trial court was nevertheless *928 "not so sure that the time frame of these particular facts would allow for that determination"-was flawed. In an all-risks policy, once the insured establishes a loss within the terms of a policy, the burden shifts to the insurer to prove that a particular loss arose from an excluded cause. Mejia v. Citizens Prop. Ins., 161 So.3d 576, 578 (Fla. 2d DCA 2014). Whether such a determination is possible is a genuine issue of material fact precluding summary judgment.
We therefore reverse the summary judgment entered in favor of AIIC and remand this case to the trial court to enter partial summary judgment in Hicks's favor on the sole issue of coverage within the first thirteen days of the leak, the extent of the losses to be determined at trial. As for losses occurring after the first thirteen days, the burden will be on AIIC to prove that a particular loss was sustained after the thirteenth day and is therefore not covered under the language of the exclusion provision.
REVERSED and REMANDED.
ON MOTION FOR REHEARING AND CERTIFICATION
American Integrity Insurance Company of Florida ("AIIC") has filed a motion for rehearing and certification. AIIC has also filed a motion for rehearing en banc, which will be the subject of a separate order by this court. In his Response to these motions, Hugh Hicks contends, among other things, that AIIC improperly reargues the issue decided by this court. Hicks further contends that AIIC's arguments regarding the per curiam affirmed decision without written opinion in Zimmerman v. American Integrity Insurance, 212 So. 3d 376 (Fla. 5th DCA 2015) (table decision), are improper.
Hicks is correct that the motion for rehearing reargues the issue already decided by this court. It has been a fundamental rule for quite some time that such argument is prohibited. As we explained in Boardwalk at Daytona Development, LLC v. Paspalakis:
Appellees' "motion does what [Florida Rule of Appellate Procedure] 9.330(a) proscribes; it re-argues the merits of the case." Lawyers Title Ins. Corp. v. Reitzes, 631 So. 2d 1100, 1100 (Fla. 4th DCA 1993) (citations omitted). "It appears that counsel are utilizing the motion for rehearing and/or clarification as a last resort to persuade this court to change its mind or to express their displeasure with this court's conclusion." Id. at 1101. "This is not the purpose of [r]ule 9.330. It should be noted that the filing of [r]ule 9.330 motions should be done under very limited circumstances, it is the exception to the norm." Id. (footnote omitted). "Motions for rehearing are strictly limited to calling an appellate court's attention-without argument-to something the court has overlooked or misapprehended. 'The motion for rehearing is not a vehicle for counsel or the party to continue its attempts at advocacy.' " Cleveland v. State, 887 So. 2d 362, 364 (Fla. 5th DCA 2004) (quoting Goter v. Brown, 682 So. 2d 155, 158 (Fla. 4th DCA 1996) ).
212 So. 3d 1063, 1063 (Fla. 5th DCA 2017).
Turning to the Zimmerman decision, AIIC makes it a feature of its motion for rehearing en banc. AIIC filed an appendix containing the briefs filed in Zimmerman in an attempt to support its argument that this court affirmed the same coverage issue and "seemingly reached the opposite conclusion" in a case with a similar fact pattern. Those briefs clearly reveal that Hicks is correct-not only does Zimmerman have no precedential value for the purpose of granting a motion for rehearing *929 en banc, the arguments made by AIIC regarding that decision are improper.
In the opinion rendered in the current appeal, the issue we resolved is whether the policy exclusion applies to exclude coverage for loss that occurs during the first thirteen days of water seepage or leakage. For the reasons explained in the opinion, we held that the exclusion does not apply to that time period. The briefs in the Zimmerman appeal reveal that, while the insured attempted to raise this issue in that case, AIIC argued that the issue was waived and not reviewable.[1] AIIC does not mention this fact in its motion. Yet AIIC improperly cites to Zimmerman in its motion to argue that this court seemingly reached the opposite decision regarding the same coverage issue.
AIIC's motion exemplifies the wisdom of the rule that such per curiam affirmed decisions without a written opinion have no precedential value and should only be relied upon to establish res judicata. Dep't of Legal Affairs v. Dist. Ct. of Appeal, 5th Dist., 434 So. 2d 310, 313 (Fla. 1983) ("We reiterate that such a decision is not a precedent for a principle of law and should not be relied upon for anything other than res judicata."); Munnerlyn v. Wingster, 825 So. 2d 481, 483 (Fla. 5th DCA 2002) (holding that a party's reliance on a per curiam affirmance with a dissenting opinion even from its own court was "misplaced," since a dissenting opinion has no precedential value); Robinson v. State,Dep't of HRS ex rel. Robinson, 473 So. 2d 228, 229 n.1 (Fla. 5th DCA 1985) ("We do not need to distinguish Thompson v. Lancaster, 458 So. 2d 442 (Fla. 5th DCA 1984), a per curiam affirmance without opinion. It is not precedential authority, because the reasons for the affirmance cannot be determined."); St. Fort ex rel. St. Fort v. Post, Buckley, Schuh& Jernigan, 902 So. 2d 244, 248 (Fla. 4th DCA 2005) ; State v. Swartz, 734 So. 2d 448, 448 (Fla. 4th DCA 1999) ; Terry v. State, 467 So. 2d 761, 765 (Fla. 4th DCA 1985) ("We caution the parties and trial courts not to rely on decisions of this court or other appellate courts rendered without opinion as precedential authority in other cases.").
The Florida Supreme Court in Department of Legal Affairs addressed the propriety of citing a per curiam decision without an opinion in appellate briefs and oral arguments. 434 So. 2d at 312. The court held that it would not be proper to cite such a decision from another appellate court, explaining it "has no relevance for any purpose and is properly excluded from a brief or oral argument." Id. It also addressed whether it would be appropriate for a party to call the court's attention to one of its own per curiam affirmed decisions to "suggest to the court how it previously viewed the proposition." Id. at 313. The court indicated that while such a citation may not be improper, it would be up to the court to decide whether to consider the prior decision. Id. We hold that it is improper for a party to cite to such a per curiam decision without opinion when that same party argued in the prior appeal that the pertinent issue was waived and not reviewable.
AIIC was a party in the Zimmerman appeal, and it cited to that decision in the motion it filed in the instant appeal to show that this court decided the same issue differently in each case, knowing full well that it argued in Zimmerman that the issue was waived. In light of its waiver argument, we fail to see how AIIC can find it "troubling when a court affirms a coverage issue without explanation and then *930 reaches essentially the opposite decision a short time later," when AIIC believed that the issue was not reviewable in Zimmerman.
The motion for rehearing and certification is denied.
DENIED.
SAWAYA, EVANDER and LAMBERT, JJ., concur.

An all-risks insurance policy covers "all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage." Hudson v. Prudential Prop. & Cas. Ins., 450 So.2d 565, 568 (Fla. 2d DCA 1984).

But even that issue differs from the issue in the instant case because, in Zimmerman, the only argument regarding whether coverage applied to the first thirteen days was based on the lack of a "lead-in provision" related to the "sequence of the loss."