IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LARRY S. WHITELY and SHERRI C. WHITELY,

     Appellants,

 v.                              Case No.  5D16-3719

AMERICAN INTEGRITY INSURANCE
COMPANY OF FLORIDA,

     Appellee.
_____/

Opinion filed June 29, 2018

Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Earl I. Higgs, Jr, of Higgs Law, P.A.,
Orlando, for Appellant.

Gina S. Glasgow and Andrew P. Rock, of
The Rock Law Group, P.A., Maitland, for
Appellee.

PER CURIAM.

In this breach of contract suit, Larry and Sherri Whitely ("the Whitelys") appeal a final summary judgment entered in favor of American Integrity Insurance Company of Florida ("AIIC"). The Whitelys contend that the trial court erred in entering summary judgment because material issues of fact remained. We agree, and therefore reverse and remand for further proceedings.

The Whitelys purchased an all-risks home insurance policy for their vacation property providing coverage from January 27, 2012, through January 27, 2013. On November 7, 2012, the Whitelys reported a claim for coverage to AIIC for water damage to the property that occurred sometime between October 5 and November 7, 2012. AIIC sent an expert to determine the cause, origin, and duration of the water damage. AIIC's expert determined that a "water release event" in one of the bathrooms exposed the property to water for approximately thirty days. AIIC then denied the Whitelys' claim pursuant to the following exclusionary provision in the Whitelys' policy: "[W]e do not insure . . . loss . . . caused by . . . constant or repeated seepage or leakage of water . . . over a period of 14 or more days from within a plumbing . . . system."

The Whitelys filed suit for breach of contract, and AIIC moved for summary judgment, arguing that the policy unambiguously excluded the Whitelys' claimed loss based on the undisputed fact that the water exposure occurred for over fourteen days. At the summary judgment hearing, the Whitelys argued in part that the exclusionary provision was ambiguous because it did not clearly address whether the policy covered a loss occurring within the first fourteen days of exposure.[1] The trial court granted summary judgment in favor of AIIC, finding the exclusionary provision to be unambiguous, and subsequently entered final judgment in favor of AIIC.

This Court recently addressed an analogous situation involving the same exclusionary provision. Hicks v. Amer. Integrity Ins. Co. of Fla., 241 So. 3d 925 (Fla. 5th DCA 2018). In Hicks, we held that "an insurance policy excluding losses caused by

---

[1] The Whitelys also presented deposition testimony from their own expert; the expert opined that the loss originated from a "sudden and accidental plumbing leak" that occurred for less than twenty-six days but more than fourteen days.

constant or repeated leakage or seepage over a period of fourteen days or more does not unambiguously exclude losses caused by leakage or seepage over a period of thirteen days or less." Id. at 927. We concluded that "[i]n an all-risks policy, once the insured establishes a loss within the terms of a policy, the burden shifts to the insurer to prove that a particular loss arose from an excluded cause. Whether such a determination is possible is a genuine issue of material fact precluding summary judgment." Id. at 928 (citation omitted).

Here, both parties recognize that the Whitelys established a loss to the property and that the property was exposed to water for over fourteen days. However, AIIC bore the burden of establishing that the policy excluded coverage for the loss as one "caused by constant or repeated seepage or leakage of water . . . over a period of 14 or more days." See id. at 927–28. The evidence at the summary judgment stage established that the loss was "caused by . . . leakage of water,"[2] but failed to establish that the loss did not occur within the first fourteen days. The undisputed fact that the property was exposed to water for more than fourteen days did not establish that the loss occurred on the fourteenth or later day of exposure pursuant to the exclusionary provision. As in Hicks, "[w]hether such a determination is possible is a genuine issue of material fact precluding summary judgment." Id. at 928. Accordingly, we reverse and remand for further proceedings.

We also write to address the supplemental authority AIIC filed the day before oral argument, which referenced a per curiam affirmance in Zimmerman v. American Integrity

---

[2] We reject the Whitelys' ambiguity arguments pertaining to this clause of the exclusionary provision.

3

Insurance, 212 So. 3d 376 (Fla. 5th DCA 2015) (table decision). AIIC, who was also the appellee in Hicks, filed a motion for rehearing and certification in Hicks also citing Zimmerman. AIIC attached the appellate briefs from Zimmerman to its motion in Hicks, although it has not filed the briefs again here. In those briefs, AIIC forcefully argued that the plaintiff in Zimmerman had not raised entitlement to damages for the first thirteen days of leakage to the trial court and therefore failed to preserve the issue for appellate review.

Our opinion denying AIIC's motion in Hicks cogently sets forth why relying on a per curiam affirmance for precedential value is generally inappropriate. See Hicks v. Amer. Ins. Co. of Fla., No. 5D17-1282, 2018 WL 2277119 (Fla. 5th DCA May 18, 2018). This Court issues per curiam affirmance opinions for many reasons. Failure to preserve error is just one, but it demonstrates why per curiam affirmances are rarely, if ever, of any precedential value.

The opinion denying rehearing in Hicks also demonstrates why AIIC's argument based on Zimmerman was improper. See id. AIIC's position that Zimmerman mandated a different result in Hicks was undermined by its argument in Zimmerman that the dispositive issue was not preserved for review. Here, AIIC's reliance on Zimmerman as supplemental authority, knowing that it had argued that an issue central to this case had not been preserved for review, is likewise inappropriate and disingenuous.

REVERSED and REMANDED

COHEN, C.J., TORPY and EISNAUGLE, JJ., concur.