DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PROJEKT PROPERTY RESTORATION, INC.,**
a/a/o **WALTER QUINTERO,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D21-501

[February 16, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McCarthy, Judge; L.T. Case Nos. COCE18-15307 and CACE20-17323.

Samuel Alexander of Alexander Appellate Law P.A., DeLand, for appellant.

Kristi Bergemann Rothell of Methe & Rothell, P.A., West Palm Beach, for appellee.

PER CURIAM.

We affirm the summary judgment in appellee insurer's favor on appellant's claim for insurance benefits under a homeowner's policy.

Appellant provided remediation services for a water leak in a shower in insured's premises and based upon an assignment of benefits, filed suit when appellee insurer failed to pay appellant's invoice for its water remediation services. Insurer defended on the grounds of a policy exclusion for property loss caused by constant or repeated seepage or leakage of water over a period of weeks, months, or years.

Insurer moved for summary judgment using the deposition of its adjuster and an expert, both of whom testified that the leak had existed for a considerable period of time and at least in excess of two weeks. Appellant filed an expert affidavit which essentially stated that insurer's expert's opinions were not valid because additional testing would be necessary to determine the cause of the leak. However, appellant's expert

did not opine regarding the length of time the leaking had continued and only opined that the facts did not support a finding that the damage took a period of months to accrue. Because appellant did not provide any opposition to the length of time that the leaking water continued for at least weeks, no genuine issue of material fact existed, and insurer was entitled to judgment.

On appeal, appellant argues that under *Hicks v. American Integrity Insurance Co. of Florida*, 241 So. 3d 925 (Fla. 5th DCA 2018), involving a similar policy exclusion, the policy should cover losses incurred within the first two weeks of a leak, even if damages caused by a continuous leak may not be covered. However, appellant's complaint here did not allege that its services were for damages incurred within the first two weeks of the leak, as did the insured in *Hicks*, and no argument based on *Hicks* was made before the trial court on this issue. Thus, this issue is not preserved on appeal. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005).

*Affirmed.*

WARNER, GROSS and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**