DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEE FELDMAN,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D22-865

[August 30, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE17-012462.

David B. Pakula of David B. Pakula, P.A., Pembroke Pines, and David A. Neblett and James M. Mahaffey of Perry & Neblett, P.A., Miami, for appellant.

Kathryn L. Ender of Lewis Brisbois Bisgaard & Smith LLP, Coral Gables, for appellee.

MAY, J.

An insured appeals a final judgment for the insurer in a property insurance dispute after a jury trial. He argues the trial court erred in denying three of his motions: (1) his motion for directed verdict; (2) his motion for proposed special jury instructions; and (3) his post-verdict motion for new trial. We agree with him on his first issue and reverse. We affirm on the second issue. The third issue is moot based on our disposition of the first issue in all other respects.

- *Facts*

The insured obtained an "all-risk" homeowner's insurance policy for a term covering May 11, 2016, to May 11, 2017. The policy provided: "We insure against direct loss to property described in Coverage A and B only if that loss is a physical loss to the property" during the policy period. The policy did not define physical loss. The policy incorporated an anti-

concurrent cause provision and excluded a loss stemming from constant or repeated seepage or leakage of water:

> GENERAL EXCLUSIONS: We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> . . .
>
> 14. Constant or repeated seepage or leakage of water or stream, or the presence or condensation of humidity, moisture or vapor, which occurs over a period of weeks, months or years.

On July 12, 2016, the insured went to the property and saw that a piece of the living room ceiling had fallen onto the floor. He immediately called 911 Restoration, which performed water remediation. A handyman removed debris and replaced drywall and flooring. The insured filed a claim. The insurer denied coverage.

The insured filed suit, and the case proceeded to trial. Both sides' experts testified regarding the origin of the ceiling collapse. The insured's expert testified a one-time, large-volume water event caused the extensive damages. But the insurer's expert testified a long-term water leak caused the damages.

At the close of all the evidence, the insured moved for a directed verdict on the issue of whether a physical loss occurred within the policy period. The trial court denied the motion.

The insured then requested a submitted proposed special jury instruction:

> If you find that [the insurer] sustains its burden of proving [the insured's] loss occurred as a result of constant seepage or leakage of water over a period of months prior to the reported date of loss, [the insured] is nonetheless entitled to recover for damages caused during the first 13 days of the constant or repeated seepage or leakage.

The trial court denied the requested jury instruction, and then instructed the jury:

To prove his claim, [the insured] must prove by the greater weight of the evidence that a direct physical loss to his property occurred during the policy period in which the property had insurance coverage (May 11, 2016, through May 11, 2017).

If you find that [the insured] met his burden of proof, you shall consider [the insurer's] defenses. [The insurer] has the burden of proving its defenses by the greater weight of the evidence.

On [the insurer's] first defense, [the insurer] asserts that [the insured] seeks damages that are not covered under the insurance policy because they were caused by the constant or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor which occurred over a period of weeks, months, or years.

The jury answered "no" to the first question, rendering a verdict for the insurer. The insured moved for a new trial, asserting the jury verdict was against the manifest weight of the evidence. The trial court denied the motion.

The trial court then entered a final judgment for the insurer. From this judgment, the insured now appeals.

- *Analysis*

The insured first argues the trial court erred in denying his motion for directed verdict, regarding his initial burden of proof, because he proved a physical loss occurred during the policy period. The insurer responds the trial court correctly denied the insured's motion because the insured failed to establish a new, direct physical loss occurred during the policy period.

We have de novo review of a trial court's ruling on a motion for a directed verdict. *Young v. Becker & Poliakoff, P.A.*, 88 So. 3d 1002, 1011 (Fla. 4th DCA 2012).

A trial court should only grant a motion for directed verdict when two elements are met:

(1) there are no conflicts in the evidence or no different reasonable inferences that may be drawn from the evidence and;

3

(2) no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor of the nonmoving party.

*JD Dev. I, LLC v. ICS Contractors, LLC*, 351 So. 3d 57, 60 (Fla. 2d DCA 2022), *rev. denied*, SC2023-0048, 2023 WL 2986878 (Fla. Apr. 18, 2023).

Under an "all risks" policy, the insured must show a loss occurred during the policy period, and then the insurer has the burden to prove the damage is excluded from the coverage. *Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.,* 315 So. 3d 45, 47 (Fla. 4th DCA 2021). Here, the insured satisfied this initial burden when he provided evidence his ceiling collapsed on July 12, 2016, during the policy period. Accordingly, the trial court should have granted his motion for directed verdict.

The insurer's suggestion the loss was not a new, direct physical loss does not negate the physical loss's timing. This court has previously held the insured only has the burden of proving that their covered property **suffered a loss while the policy was in effect**. *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 940 (Fla. 4th DCA 2018). Here, there was no conflicting evidence regarding where and when the ceiling collapsed. Rather, the dispute focused on the loss's "cause."

The insured satisfied the first basis for a directed verdict (no conflicting evidence). The next question is whether no view of the evidence, or inferences made, could support a verdict for the nonmoving party.

Here, there is no view of the evidence that would support a verdict for the insurer on when the ceiling collapse occurred. It is undisputed that physical loss occurred on the insured's property during the policy period. In short, the insured satisfied the second requirement for a directed verdict.

The trial court erred in denying the insured's motion for directed verdict on his initial burden of proof. We therefore reverse and remand the case for a directed verdict on this initial question and a jury trial on the remaining issue of whether the exclusion for long term leakage and

4

seepage precludes coverage.[1]

Next, the insured argues the trial court erred in failing to give his proposed requested jury instruction. The insured argues *Hicks v. American Integrity Insurance Co. of Florida*, 241 So. 3d 925 (Fla. 5th DCA 2018) is on point. We disagree.

"A trial court's failure to give a requested instruction constitutes reversible error if:

(1) the requested instruction accurately states the law;

(2) the facts of the case support their instruction and;

(3) the instruction is necessary to allow the jury to properly resolve all issues in the case."

*Elder v. State*, 296 So. 3d 440, 444 (Fla. 4th DCA 2020).

Here, (1) the proposed instruction did not accurately state the law applicable to this policy, (2) the facts of the case did not support the requested instruction, and (3) it was unnecessary to allow the jury to resolve the issue. For these reasons we affirm on this issue.

In *Hicks*, the Fifth District held "that an insurance policy excluding losses caused by constant or repeated leakage or seepage over a period of fourteen days or more d[id] not unambiguously exclude losses caused by leakage or seepage over a period of thirteen days or less." 241 So. 3d at 927. While *Hicks* also involved an all-risk policy, it excluded coverage "for loss . . . [c]aused by . . . [c]onstant or repeated seepage or leakage of water . . . **over a period of 14 or more days**." *Id.* at 926 (emphasis added).

Here, the policy uses different language. The policy excludes coverage for "[c]onstant or repeated seepage or leakage of water or stream[,] . . . which occurs **over a period of weeks, months or years**." (Emphasis added). No specific number of days is indicated. The insured proposed a jury instruction that told the jury he was "entitled to recover for damages caused during the first 13 days of the constant or repeated seepage or leakage." But the policy did not include "a period of fourteen days or

---

[1] Because we remand for the court to enter a directed verdict on the initial question, the insured's third issue on appeal, the trial court's denial of the motion for new trial, is now moot.

5

more." *Hicks* is factually distinguishable.

We therefore affirm the trial court's refusal to give the insured's proposed requested jury instruction.

*Affirmed in part; reversed in part and remanded.*

CIKLIN and CONNER, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**